

F I L E D
JUL 2 7 2010
MADISON COUNTY

**Conform and Return**

Stephen C. Hardesty, ISB No. 4214
Nicholas L. Taylor, ISB No. 7442
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5226
Email:  shardesty@hawleytroxell.com
        ntaylor@hawleytroxell.com

Attorneys for Petitioner PNC Bank, National
Association

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF MADISON

| | |
|---|---|
| PNC BANK, National Association,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>RENCHER/AMERICAN MANOR, LLC, an<br>Idaho limited liability company; 151 FAMILY<br>TRUST; PACIFIC COAST INVESTMENT<br>COMPANY; INTERNAL REVENUE<br>SERVICE; CITY OF REXBURG; and<br>MADISON COUNTY TREASURER,<br><br>　　　　　Respondent. | Case No. CV 10 - 598<br><br>VERIFIED PETITION FOR<br>APPOINTMENT OF A RECEIVER<br>(I.C. §§ 8-601A AND 8-601(6)) |

PNC BANK, National Association ("PNC" or "Petitioner"), by and through its attorneys

of record, Hawley Troxell Ennis & Hawley LLP, hereby respectfully applies to the Court for an

Order Appointing a Receiver pursuant to I.C. §§ 8-601A and 8-601(6) and, in regard to certain

property more particularly described below, based upon the following grounds and terms:

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 1

## GROUNDS FOR RECEIVERSHIP

1.      On or about June 19, 2007, Rencher/American Manor, LLC, an Idaho limited

liability company ("Rencher/American Manor") executed a Promissory Note ("Note") in favor

of PNC for the principal sum of $3,936,000.00 ("Loan").  A true and correct copy of the Note is

attached hereto as Exhibit 1 and by this reference incorporated herein.

2.      On or about June 19, 2007, Rencher/American Manor granted a Deed of Trust in

regard to the real property legally described in the Deed of Trust and commonly known as

"American Manor Apartments" located at 151 South 1st East, Rexburg, Madison County, Idaho

("Real Property") in favor of PNC to secure any and all obligations owed by Rencher/American

Manor under the Loan to PNC ("Deed of Trust").  The Deed of Trust encumbers the Real

Property and, among other things, absolutely and unconditionally assigns to PNC present and

future income, rents, issues, profits and revenues and other benefits derived from the Real

Property ("Rents").  The Deed of Trust was recorded in the real property records of Madison

County on June 25, 2007, as Instrument No. 338177.  A true and correct copy of the Deed of

Trust is attached hereto as Exhibit 2 and by this reference incorporated herein.

3.      On or about June 19, 2007, Rencher/American Manor executed an Assignment of

Rents and Leases ("Assignment of Rents") in favor of PNC, a true and correct copy of which is

Exhibit 3 to this Petition.

4.      Exhibits 1 through 3 are hereinafter referred to as the "Loan Documents."

5.      Rencher/American Manor has defaulted by failing to pay the regular monthly

payments of principal, interest and escrow deposits as set forth in the Loan Documents in the

amount of $24,619.91 per month due January 1, 2010 and monthly thereafter.

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 2

6.      On March 5, 2010, PNC caused a letter to be sent to Rencher/American Manor, a true and correct copy of which is Exhibit 4 to this Petition, declaring them in default under the Loan Documents.  No payment was made.

7.      As of April 30, 2010, the outstanding balance of principal and interest owed pursuant to the Loan was the sum of $3,991,771.36 ("Loan Balance"), which consists of a principal balance of $3,833,053.44, and unpaid interest and late charges of $158,717.92.  Interest continues to accrue after that date for each day the principal amount remains unpaid, and attorney fees and costs and foreclosure costs have also been incurred and continued to accrue, pursuant to the terms of the Loan Documents.

8.      PNC has commenced a non-judicial foreclosure action against Rencher/American Manor regarding the Deed of Trust pursuant to Idaho Code §§ 45-1501 et seq., with a Trustee's Sale scheduled for October 5, 2010.  PNC is informed and believes that the value of the Real Property subject to the Deed of Trust may be substantially less than the amounts currently due and owing to PNC and the difference between the value of the Real Property and the Loan Balance will continue to increase until the foreclosure of the Deed of Trust is completed.

9.      Pursuant to the terms of the Deed of Trust and the Assignment of Rents, Rencher/American Manor expressly agreed that upon default PNC had the right for an immediate appointment of a receiver for the Real Property.

10.     The Real Property consists of student housing apartments, and the individual tenants of the Real Property are (or should be) currently making Rent payments and other obligations that are, under the terms of the Deed of Trust and Assignment of Rents, properly collectible by PNC.  Absent appointment of a receiver for the Real Property, these Rents will be

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 3

diverted to Rencher/American Manor and will accordingly contribute to the increase in Loan Balance.

11.     Based upon the uniqueness of the Real Property and the loss of control over Rents payable by tenants of the Real Property, it is necessary to appoint a receiver to facilitate the management of the Real Property.  Furthermore, the Real Property, including the Rents generated therefrom, are in danger of being lost and the Real Property subject to the Deed of Trust is in danger of substantial waste.

### TERMS OF RECEIVERSHIP

12.     Based upon the above grounds and I.C. §§ 8-601A and 8-601(6), PNC respectfully requests that this Court enter an order (i) appointing a receiver ("Receiver"); (ii) requiring Rencher/American Manor to cooperate therewith; (iii) to provide the Receiver with all appropriate powers, duties and responsibilities, including without limitation, the following:

a)     *Possession.*  The power to take immediate and exclusive possession of the Real Property (including, without limitation, all land, buildings, structures, service contracts, leases, records, files, policies, equipment, chattels and fixtures), plus all Rents; and

b)     *Operation and Management.*  The power to operate and manage the Real Property, and the ongoing business on the Real Property, including the power to enter into agreements with third parties to carry out such operation and management, and to safeguard the Real Property making such expenditures and repairs as are needed to keep the Real Property in good and rentable condition, and to pay the costs of such expenditures and repairs from the funds of the receivership, to the extent there are funds available, but only such costs as arise out of the Receiver's operation of the Real Property subsequent to the Receiver's appointment and not any bills of any prior or current owners or operators unless the payment of such sums is essential to

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 4

the continued operation of the Real Property as determined by the Receiver in its sole discretion; and

     c)    *Receiver's Agents.*  The power to appoint or hire such agents, independent contractors, and employees as may be needed to assist the Receiver in managing the Real Property, including a property management company, if appropriate, provided the amount of compensation paid to such agents or firm must be comparable to that charged on an arm's length basis by similar companies for similar services; and

     d)    *Receiver's Counsel.*  The power to hire independent legal counsel, if needed and as determined by the Receiver in its sole discretion, and to pay such counsel for their services at such reasonable rates the Receiver deems appropriate for the services provided; and

     e)    *Reimbursement of Receiver.*  The power to reimburse the Receiver for its reasonable out-of-pocket expenditures as well as the actual and reasonable cost of any independent legal counsel hired by the Receiver and of any support staff as the Receiver may provide to the receivership estate, including any employees who directly assist the Receiver in carrying out its duties; and

     f)    *Existing Bank Accounts.*  The power to issue demands for the freezing and turnover of funds upon any financial institution which the Receiver has determined is a depository of funds belonging to, or arising from, the receivership entity, whether such accounts be titled in the name of the entity or not, and to indemnify the institution upon whom such demand is made on behalf of the receivership estate if the Receiver deems such indemnification necessary and to maintain an account with Petitioner, in the name of the receivership estate, for the deposit of funds from the Real Property; and

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 5

g)      *Utility Services and Deposits.*  The power to issue demands, in the name of the receivership estate, upon public utilities which the Receiver determines provide services to the Real Property and to transfer such services, together with any deposits held by the utility, to the exclusive control of the Receiver; and

h)      *Post Office Box.*  The power to issue demands in the name of the receivership upon the U.S. Postal Service, or any other public or private entity, to gain exclusive possession and control of such postal or safe deposit boxes as may have been used by Rencher/American Manor, and/or its agents for the receipt of Rent, income, and other mail related to the Real Property; and

i)      *Sources of Revenue.*  The power to identify all revenue sources, be they Rent, fees, royalties, or otherwise described, and make demand upon all payees, lessees, tenants or any other persons or entities, to make remittances of future sums and past due balances solely to the Receiver; and

j)      *Demand for Deposits.*  The power to demand records regarding available leases and information to compute the amount of deposits collected by Rencher/American Manor and/or its agents from tenants for security, cleaning, pets, maintenance, or other purposes, and demand the immediate surrender to the Receiver of such lease payments and/or deposits by Rencher/American Manor and/or its agents who collected them, and to take appropriate action to enforce the turnover of such deposits; and

k)      *Pre-Receivership Bills.*  The power to pay current operating expenses of the Real Property incurred by the Receiver subsequent to its appointment, including without limitation, the Receiver's fees and administrative expenses, with the limitation that the Receiver may not use funds of the receivership estate to pay any bills for goods or services contracted for

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 6

or provided to the Real Property, or to Rencher/American Manor and/or its agents, prior to the date of the Order unless such payment is reasonably necessary to enable the Receiver to continue to operate the Real Property as determined by the Receiver in its sole discretion; and

l)      *Insurance.* The power to determine whether adequate insurance is in place, and if not, to order and pay for such insurance from available funds; and

m)     *Right to Lease.* The power to make, cancel, enforce or modify leases for all or part of the Real Property, upon terms and conditions which are comparable to the terms and conditions upon which similar properties are offered for rent in the marketplace as determined by the Receiver in its sole discretion, and to obtain and evict tenants; and

n)      *Tenant Improvements.* For uninhabitable, unfit or unfinished units, the power to expend sums from the receivership estate which, in the Receiver's opinion and subject to its approval, are required to make the Real Property rentable; and

o)      *Advance by Petitioner.* The power to borrow from Petitioner, pursuant to the terms of the Loan Documents, with or without the necessity of issuing receiver's certificates, such funds as may be required by the Receiver to cover operating expenses of the receivership, including but not limited to the Receiver's fees and costs, as determined be the Receiver in its sole discretion. Petitioner may add the amount of such advances to the Note, and shall be entitled to earn interest on such advances at the rate then payable on the Note, as set forth in the Loan Documents. Nothing in this paragraph or the Order shall be construed to require the Petitioner to lend or otherwise disburse any amount to Receiver under any circumstances; and

p)      *Operating Budget.* Within thirty (30) days from the date of appointment, the Receiver shall prepare, projected annualized operating budgets for the Real Property, based

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 7

upon operating data obtained from the Rencher/American Manor and other sources where the use of a budget is appropriate; and

q)    *Distribution of Funds*.  After payment by the Receiver of its operating costs, including property taxes, then the Receiver shall make distributions of funds to Petitioner, with such sums to be applied by Petitioner in the manner provided under the Loan Documents; and

r)    *Monthly Reporting*.  The Receiver shall provide a computerized monthly summary of revenues and disbursements on a "cash reporting basis" as that term is commonly understood within the accounting profession, within a reasonable time period, but in no event later than the 20th day of the following month, to the litigants and/or any other interested party who requests, and is entitled to, such a report.  Upon conclusion of the receivership the Receiver shall file with the Court a final summary accounting for the full term of the receivership; and

s)    *Payment of Receiver*.  The Receiver shall be entitled to pay itself, from receivership funds in the Receiver's possession, on a monthly basis, a fee of five percent (5%) of all Rents, royalties, fees and other sums collected by Received with respect to the Real Property. Additionally, the Receiver shall be entitled to receive reimbursement for reasonable out-of-pocket expenses incurred on behalf of the receivership estate, plus the Receiver's standard costs for mileage, faxes, copies, and similar Receiver-provided benefits.  The Receiver shall serve written notice upon counsel of record, or party appearing in propria persona of the amount to be paid to each payee, with an itemization of the services rendered or expenses incurred.  Interim fees paid shall be subject to final review and approval by the Court.  The Court retains jurisdiction to award a greater or lesser amount of the full, fair, and final value of such services, unless good cause is shown, in order to preserve objection to the Receiver's final accounting.

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 8

Objections to interim accounts must be made in writing within ten (10) days of the receipt of notice from the Receiver, and said objections must be specific, and must be delivered to the Receiver; and

t)       *Disbursements.* Notwithstanding anything to the contrary in the Court's order, the Receiver shall not expend or disburse more than $10,000 per month for maintenance or improvements, except for emergency life and/or safety repairs to the Real Property, without the approval of Petitioner, and nothing in the Court's order shall obligate Petitioner to lend or disburse any funds or amounts to the Receiver; and

u)       *Powers Not Specifically Enumerated.* Care for, preserve, and maintain the Real Property and make decisions or take actions not specifically authorized by an appointing order, under certain circumstances. In such situations, the Receiver shall:

(1)       first attempt to obtain a stipulated agreement from the adversarial parties relating to a contemplated action. If a stipulation is obtained, it shall then be submitted to the Court, ex parte, with an order for signature;

(2)       if unable to obtain a stipulation, circulate a notice, with details of the recommended course of action, and give the parties an opportunity to object and request an ex parte hearing. Such notice shall expressly state the necessity for the contemplated action and advise the parties that any objection must be written, must be specific, and must be served upon the Receiver and other parties and filed with the Court within seven (7) days from the mailing or five (5) days from the facsimile transmission of the same;

(3)       enter into a contract, if in the Receiver's judgment, a contract is necessary to administer the receivership estate, and if the contract has a diminimus effect

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 9

on the estate, no prior notification need be given, but may simply be included in the

Receiver's monthly report; and

        (4)    Notwithstanding anything in paragraphs 11(a) through 10(u), the

Receiver shall have all authority, powers, and duties as set forth in the Idaho Code.

    13.    PNC requests this Court to fix the nature and amount of Receiver's undertaking, if

any, to be furnished and filed herein by the Receiver.  PNC does request that the undertaking be

zero, based upon the experience, qualifications and expertise of the Receiver nominated by PNC.

    14.    PNC further requests this Court to determine and fix the nature and extent of any

other of the Receiver's duties, responsibilities and powers, compensation and other conditions of

such appointment as to this Court shall appear just and proper under the circumstances.

    15.    Pursuant to this Verified Petition, PNC is requesting that Rentmaster of Rexburg

LLC ("Rentmaster"), a full time, full service property management company, with offices

located in Rexburg, Idaho, be appointed as Receiver over the Real Property.  Rentmaster is the

largest and most experienced property management company in Rexburg and currently manages

three student housing developments among its many other properties.  Rentmaster is a qualified

and independent entity with professional experience in performing the duties to be required of

the Receiver hereunder.

<b>RENCHER/AMERICAN MANOR COOPERATION</b>

    16.    The Order appointing the Receiver should also require Rencher/American Manor

to cooperate with the Receiver in connection with the execution and performance of its duties

and responsibilities with regard to the Real Property, including but not limited to providing

copies of all documents, plans, permits, correspondence, drawings and any and all other

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 10

documents related to the Real Property, and both refrain from, and prevent Rencher/American Manor and its agents, employees, or representatives from:

        a)     *Interfering* with the Receiver, directly or indirectly, in the management and operation of the Real Property, and in the collection of the Rents derived therefrom;

        b)     *Collecting*, attempting to collect, or keeping the Rents derived from the Real Property;

        c)     *Expending*, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, or disposing of the whole or any part of, the Real Property (including the Rents thereof) without the prior written consent of the Receiver and Petitioner; provided, however, that nothing contained in the Order shall prohibit or restrain Petitioner from initiating and/or completing a sale by judicial or non-judicial foreclosure of the Real Property, or any portion thereof, and thereafter taking title and possession thereto; and

        d)     *Doing* any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Real Property (including the Rents thereof) or Petitioner's interest in the Real Property and the Rents.

## ADDITIONAL RESPONDENTS

    17.    The additional Respondents listed in the above caption are all parties that may have an interest in the Real Property, and have been made party respondents in order to give them notice of this action.

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 11

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays as follows:

1.     For Rentmaster to be appointed Receiver for the Real Property and to take possession of the Real Property and to operate, manage, conserve and protect the Real Property, and collect the Rents, including the security deposits, therefrom, and as requested in this Verified Petition; and

2.     For an Order decreeing that Rencher/American Manor and its respective officers, members, managers, directors, general and limited partners, agents, property managers, architects, contractors, subcontractors, attorneys, accountants, employees, and all other persons with actual or constructive knowledge of said Order and their agents and employees, except PNC and its agents and employees, shall take such actions and turn over all documents, items, and Rents to the Receiver in accordance with the provisions set forth in this Verified Petition; and

3.     For an award of Petitioner's costs and attorneys' fees incurred herein pursuant to the Loan Documents, Idaho Code §§ 12-120(3) and 12-121; and

4.     For such other and further relief as the Court may deem just and proper.

DATED THIS 26th day of July, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By  _Nick Tayl_

Nicholas L. Taylor ISB No. 7442
Attorneys for Petitioner PNC Bank

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 12

42346.0015.1980757.2

# VERIFICATION

Chris Wittkopf, being first duly sworn upon oath, deposes and says:

That he is a member of the Asset Resolution Team of PNC Bank, National Association,

the Petitioner in the above-entitled action; that he has read the within and foregoing Verified

Petition; and that the statements therein contained are true and correct.

Chris Wittkopf, member of the Asset Resolution
Team of PNC Bank, National Association

STATE OF KANSAS        )
                       ) ss.
County of JOHNSON      )

On this 23RD day of July, 2010, before me, PAM SCHOLL_____, a
Notary Public in and for said State, personally appeared Chris Wittkopf, known or identified to
me to be a member of the Asset Resolution Team of PNC Bank, the national association that
executed the within instrument or the person who executed the instrument on behalf of said
national association, and acknowledged to me that such national association executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the
day and year in this certificate first above written.

```
PAM SCHOLL
NOTARY PUBLIC - State of Kansas
My Appt. Exp. 1/27/2014
```

Notary Public for Kansas
Residing at JOHNSON COUNTY, KS
My commission expires 1/27/2014

VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER
(I.C. §§ 8-601A AND 8-601(6)) - 13

42348.0015.1980757.2