Stephen C. Hardesty, ISB No. 4214
Nicholas L. Taylor, ISB No. 7442
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  (208) 344-6000
Facsimile:  (208) 954-5272
Email: shardesty@hawleytroxell.com
        ntaylor@hawleytroxell.com

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PNC BANK, National Association, | ) | Case No. 10-421-E-MHW |
| Petitioner, | ) ) ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND |
| RENCHER/AMERICAN MANOR, LLC, an Idaho limited liability company; 151 FAMILY TRUST; PACIFIC COAST INVESTMENT COMPANY; INTERNAL REVENUE SERVICE; CITY OF REXBURG; and MADISON COUNTY TREASURER, | ) ) ) ) ) ) ) | MOTION FOR EXPEDITED CONSIDERATION |
| Respondents. | ) ) ) ) ) ) | |

Pursuant to Local Civil Rule 7.1(b)(1), Petitioner PNC BANK, National Association

("PNC"), submits this memorandum in support of its motion to remand this petition to the

Seventh Judicial District of the State of Idaho, in and for the County of Madison, where PNC

originally filed this petition, or, in the alternative, that the Court grant PNC's petition and appoint

a receiver for the subject real property pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-

601A, and 8-603.  This memorandum is also submitted in support of PNC's motion, pursuant to

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR
APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED
CONSIDERATION** - 1

Local Rule 6.1, that consideration for this motion be expedited because of the time constraints relating to the appointment of a receiver.  Declarations of Chris Wittkopf and Nicholas Taylor accompany this memorandum.

## I.

## INTRODUCTION

Respondent Rencher/American Manor, LLC ("Borrower") borrowed money from PNC pursuant to signed loan documents.  In its efforts to collect amounts owed by Borrower under the loan documents, PNC filed a Petition for Appointment of a Receiver in Madison County district court.  Borrower was able to delay the Madison County district court's decision by removing the petition to federal court, citing a federal question as the basis for subject matter jurisdiction. Borrower's removal was improper because Borrower failed to join all the above-named Respondents to the removal and because there is no federal question serving as the basis for subject matter jurisdiction.  Therefore, the Court should remand the petition to Madison County district court.  Furthermore, because Borrower's removal lacks an objectively reasonable basis and Borrower is merely attempting to delay PNC's efforts to appoint a receiver to protect its collateral, the Court should award PNC its just costs and expenses, including attorney fees, incurred in responding to Borrower's removal and preparing this motion to remand.

Alternatively, should the Court determine that it should retain jurisdiction, the Court should grant PNC's petition and appoint a receiver for the subject real property pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-601A, and 8-603.

Finally, PNC moves that its motion be given expedited consideration pursuant to Local Rule 6.1 because the failure to appoint a receiver with respect to the real property as soon as possible, and in no event later than September 6, 2010, will result in substantial rental income being wrongfully diverted to Borrower and substantial damage and waste to the real property.

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 2

## II.

## BACKGROUND

Borrower has executed the following loan documents (collectively, the "Loan Documents"):  (1) a Promissory Note ("Note") in favor of PNC for the principal sum of $3,936,000.00 ("Loan"); (2) a Deed of Trust ("Deed of Trust"), securing the Note and repayment of the Loan, against the real property described in the Deed of Trust and commonly known as "American Manor Apartments" located at 151 South 1st East, Rexburg, Madison County, Idaho ("Real Property"); and (3) an Assignment of Rents and Leases ("Assignment of Rents") in favor of PNC.  (Docket Nos. 1-4, 1-5, 1-6, & 1-7 at 1-15.)  The Loan Documents encumber the Real Property and absolutely and unconditionally assign to PNC all present and future income, rents, issues, profits and revenues and other benefits derived from the Real Property ("Rents").  (Docket Nos. 1-5, 1-6, & 1-7 at 1-15.)  The Loan Documents also prohibit Borrower from transferring its interest in the Real Property without PNC's consent.  (Docket No. 1-5 at 13.)  The Loan Documents also contain Borrower's express agreement that upon default, PNC has the right to receive all Rents and to immediately appoint a Receiver for the Real Property.  (Wittkopf Decl. ¶ 15.)

Borrower has defaulted on its obligations under the Loan Documents as follows:  (1) beginning on January 1, 2010 and continuing each month thereafter, Borrower has failed to pay to PNC the regular monthly payments of principal, interest and escrow deposits required under the Loan Documents, in the amount of $24,619.91 per month; and (2) on or about February 19, 2010, Borrower transferred its interest in the Real Property to Respondent 151 Family Trust ("151 Family Trust") without PNC's consent.  (Wittkopf Decl. ¶¶ 8-9 & Ex. 1.)

PNC caused a letter to be sent to Borrower on or about March 5, 2010 declaring Borrower in default under the Loan Documents.  (Wittkopf Decl. ¶ 10 & Ex. 2.)  No payment

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 3

was made by Borrower in response to the letter.  (Wittkopf Decl. ¶ 10.)  However, in response to

the letter to Borrower, 151 Family Trust sent two letters to PNC and its legal counsel that are

nonsensical.  (Wittkopf Decl. ¶ 10 & Exs. 3-4.)  Borrower has failed and refuses to pay PNC the

obligations still outstanding under the Loan Documents and has not provided any response to

PNC's notice of default.  (Wittkopf Decl. ¶ 10.)

PNC has commenced a non-judicial foreclosure action against Borrower regarding the

Deed of Trust pursuant to Idaho Code §§ 45-1501 *et seq.* ("Foreclosure Action"), with a

Trustee's Sale scheduled for October 5, 2010, and provided notice of the Foreclosure Action to

Borrower and 151 Family Trust.  (Docket No. 1-22 at 6-27.).  Borrower did not respond to the

notice of the Foreclosure Action.  (Wittkopf Decl. ¶ 13.)  However, in response to the notice of

the Foreclosure Action, 151 Family Trust sent two letters to PNC and its legal counsel that are

nonsensical.  (Wittkopf Decl. ¶ 14 & Exs. 5-6.)

For the reasons discussed below, on July 27, 2010 PNC filed a Verified Petition for

Appointment of Receiver with the Seventh Judicial District of the State of Idaho, in and for the

County of Madison (the "Receivership Petition").  (Docket No. 1-3.)  PNC attempted from

August 5, 2010 to August 12, 2010 to serve a summons regarding the Receivership Petition on

all of the parties with an interest in the Real Property.  (Taylor Decl. ¶ 3.)  All of the

Respondents have been served a summons except 151 Family Trust.  (Taylor Decl. ¶¶ 3-6 & Exs.

1-2.)  All attempts to serve the summons on 151 Family Trust failed.  (Taylor Decl. ¶ 5-6 & Ex.

2.)  On August 17, 2010, with respect to the Receivership Petition, PNC filed a Motion for Ex

Parte Appointment of Receiver.  (Docket No. 1-9).  The motion was set for hearing before

District Judge Gregory Moeller on August 23, 2010; and PNC provided notice of the motion and

the hearing to all of the above-named Respondents so that they could have an opportunity to

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR
APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED
CONSIDERATION** - 4

make an appearance and make their arguments with respect to the motion. (Taylor Decl. ¶ 7 & Ex. 3.)

However, after PNC filed its motion but prior to the hearing, Borrower removed this petition to this Court on August 20, 2010.

## III.

## ANALYSIS

Within thirty days after an action is removed to federal court, the plaintiff may file a motion for its remand to state court. 28 U.S.C. § 1447(c). PNC's motion for remand is timely, having been filed within thirty days from this petition's removal on August 20, 2010. Remand may be sought for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). PNC makes its motion for remand on both of these grounds as follows.

**1. This petition should be remanded to Madison County district court on the grounds that Borrower failed to join all of the Respondents to Borrower's removal.**

The right to remove an action in which there are several defendants reposes with all of the defendants jointly; therefore, if any of the defendants fail to join in the removal, then the action cannot be removed. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Likewise, this petition belongs to all of the Respondents jointly. Borrower was the only Respondent included in the removal of this petition to this Court. None of the other Respondents joined the Borrower in the removal of this petition. For this reason, Borrower's attempt to remove this petition must fail and this petition must be remanded to the Seventh Judicial District of the State of Idaho, in and for the County of Madison.

**2. This petition should be remanded to Madison County district court on the grounds that this Court lacks subject matter jurisdiction.**

MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION - 5

Under 28 U.S.C. § 1446(a), a notice of removal must contain a "short and plain statement" of the grounds for removal.  For removals based on subject matter jurisdiction arising from a federal question, the notice must state that removal is based on a claim arising under federal law and identify the statutory basis for the claim.  *Duncan v. Al Stuetzle,* 76 F.3d 1480, 1490-91 (9th Cir. 1996).  If it appears there is no federal question and the federal court therefore lacks subject matter jurisdiction, then the removal was improper and the remand to state court is appropriate.  28 U.S.C § 1447(c); *Duncan,* 76 F.3d at 1490-91.

In support of Borrower's removal of this petition to this Court, Borrower cited the existence of a federal question as the basis for federal subject matter jurisdiction.  In particular, Borrower cited claims arising under 12 U.S.C. §§ 2605(e) and (f).  Those federal statutory provisions generally provide for a lender's responsibility to respond to requests from a borrower with respect to federally related mortgage loans and damages for violating the statutory responsibilities.  *See* 12 U.S.C. §§ 2605(e) and (f).

There are two reasons why there is no federal question regarding this petition and Borrower's citation to claims arising under 12 U.S.C. §§ 2605(e) and (f) is improper.

First, those statutory provisions apply only to federally related mortgage loans, and the Loan made by PNC to Borrower does not qualify as such.  The term "federally related mortgage loan" is generally defined as any loan secured by a "first or subordinate lien on residential real property designed principally for the occupancy of from one to four families."  12 U.S.C. § 2602(1)(A).  With respect to this petition, the Loan is a commercial loan made by PNC to Borrower and secured by Borrower's multiple-unit student housing apartment complex (i.e., commercial real estate).  The statute cited by Borrower does not apply to PNC or the Loan.

Second, there are no issues arising from 12 U.S.C. §§ 2605(e) and (f) with respect to this petition.  The sole issue for consideration with respect to this petition is whether to appoint a

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 6

receiver for the Real Property pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-601A, and 8-603.

For these reasons, there is no federal question with respect to this petition creating subject matter jurisdiction for this Court.  In making the removal, Borrower has referred to claims arising under a federal statute that does not apply to Borrower's rights vis-à-vis PNC or the Loan and claims which are not at issue with respect to PNC's petition to appoint a receiver.

3.      **If the Court determines that Borrower's removal was improper and grants PNC's motion for remand, the Court should order Borrower to pay PNC its just costs and actual expenses, including attorney fees, incurred as a result of the removal.**

Under 28 U.S.C. § 1447(c), if a federal court grants a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The purpose of awarding such costs to plaintiff is to deter the possibility of abuse, unnecessary expense, and harassment if the defendant removes improperly.  *Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 109 (2nd Cir. 1999).  In deciding whether to award such costs to plaintiff, the federal court should review whether the defendant had an objectively reasonable basis for removal.  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006); *Martin v. Franklin Capital Corp.*, 541 U.S. 132, 136 (2005).

Borrower's removal of PNC's petition three days before the petition was set for a hearing in Madison County district court was done improperly to merely delay and avoid the state court's appointment of a receiver for the Real Property.  Borrower's citation to a federal statute that does not apply to PNC and to claims that are not at issue with respect to this petition is evidence of Borrower's objectively unreasonable basis for removal.  The determination of whether to grant

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 7

PNC's petition to appoint a receiver pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-601A, and 8-603 is clearly a question of state law.  This petition does not belong in federal court and Borrower knew that before making its last minute removal.

For these reasons, PNC respectfully requests that this Court award PNC its just costs and expenses, including attorney fees, incurred in responding to Borrower's improper removal and preparing this motion to remand.

**4.      In the alternative, should the Court determine that it retains jurisdiction over this petition, then the Court should grant PNC's petition and appoint a receiver with respect to the Real Property pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-601A, and 8-603.**

If the Court determines that it should retain jurisdiction over this petition, then the Court should also grant PNC's petition and appoint a receiver with respect to the Real Property.

Pursuant to the terms of the Loan Documents, Borrower expressly agreed that upon a default PNC had the right for an immediate appointment of a receiver for the Real Property. Borrower also relies on its statutory rights to seek the appointment of a receiver for the Real Property pursuant to I.C. §§ 8-601, 8-601A, and 8-603.

PNC is informed and believes that the disposition value of the Real Property is substantially less than the amounts currently due and owing to PNC under the Loan, and the difference between the disposition value of the Real Property and the amounts outstanding under the Loan will continue to increase until the foreclosure of the Deed of Trust is completed. (Wittkopf Decl. ¶ 16 & Ex. 7.)

The Real Property consists of student housing apartments for females attending BYU-Idaho, and the individual tenants of the Real Property are (or will imminently be) making Rent payments that are, under the terms of the Deed of Trust and Assignment of Rents, properly

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 8

collectible by PNC.  (Wittkopf Decl. ¶ 17.)  Rent payments are made on a semester by semester

basis and the next Rent payments, in the approximate amount of $225,000.00, will be made

beginning on or about September 6, 2010.  (Wittkopf Decl. ¶ 18.)  PNC caused a letter to be sent

to the tenants of the Real Property explaining the Foreclosure Action and requesting that all Rent

payments be made to PNC.  (*Id.*)  PNC has yet to receive any Rent payments from any Tenants.

(*Id.*)  Further, PNC has made several attempts to contact the office manager of the Real Property,

but the office manager has not responded.  (*Id.*)  Absent appointment of a receiver for the Real

Property prior to September 6, 2010, these Rents will be wrongfully diverted to Borrower. And

will accordingly contribute to the increase in the Loan Balance.  (*Id.*)

Based upon the uniqueness of the Real Property and the absence of control over Rents

payable by tenants of the Real Property, it is necessary to appoint a receiver to facilitate the

management of the Real Property.  (Wittkopf Decl. ¶ 19.)  The Real Property, including the

Rents generated therefrom, are in danger of being lost and the Real Property subject to the Deed

of Trust is in danger of substantial waste.  (*Id.*)

For these reasons, PNC respectfully requests that this Court issue an order appointing

Rentmaster of Rexburg, LLC, a local property management service capable and competent to

provide the services required, as receiver with respect to the Real Property, in substantially the

same form as PNC previously filed with the Seventh Judicial District of the State of Idaho, in

and for the County of Madison.

**5.      PNC moves that its motion be given expedited consideration pursuant to**
**Local Rule 6.1 because of the time constraints relating to the appointment of**
**a receiver.**

As explained above, Borrower's removal of this petition was improper and done merely

to delay and avoid the state court's appointment of a receiver for the Real Property.  It is

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR**
**APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED**
**CONSIDERATION** - 9

imperative that a receiver be appointed for the Real Property as soon as possible, and in no event later than September 6, 2010, to avoid substantial rental income being wrongfully diverted to Borrower and substantial damage and waste to the Real Property.

Pursuant to Local Rule 6.1, PNC moves that this Court expedite its consideration of PNC's motion because of the time constraints relating to appointment of a receiver.

## IV.

## CONCLUSION

This Court should remand this petition to the Seventh Judicial District of the State of Idaho, in and for the County of Madison and award PNC its just costs and expenses, including attorney fees incurred in responding to Borrower's improper removal and preparing this motion to remand. Alternatively, should the Court determine it retains jurisdiction over this petition, the Court should grant PNC's petition and appoint a receiver with respect to the Real Property pursuant to PNC's contractual rights and I.C. §§ 8-601, 8-601A, and 8-603. Pursuant to Local Rule 6.1, consideration for this motion should be expedited because of the time constraints relating to the appointment of a receiver.

DATED THIS 26th day of August, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By _____/s/_____
        Nicholas L. Taylor

Attorneys for Petitioner

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION** - 10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2010, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED CONSIDERATION with the Clerk of the Court using the CM/ECF system.

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants (list names and addresses):

Rencher/American Manor, LLC     x   U.S. Mail, Postage Prepaid
1748 Jeppson        _____ Hand Delivered
Idaho Falls, ID   83404       _____ Overnight Mail

151 Family Trust       x   U.S. Mail, Postage Prepaid
Envision Trust Services, Trustee    _____ Hand Delivered
258 A Street, #134      _____ Overnight Mail
Ashland, OR 97520

Pacific Coast Investment      x   U.S. Mail, Postage Prepaid
1201 Third Ave.       _____ Hand Delivered
Seattle, WA  98101      _____ Overnight Mail

Pacific Coast Investment Company   x   U.S. Mail, Postage Prepaid
700-5th Ave., Ste. 600      _____ Hand Delivered
Seattle, WA  98104      _____ Overnight Mail

Internal Revenue Service      x   U.S. Mail, Postage Prepaid
915 2nd Ave.        _____ Hand Delivered
Seattle, WA  98174      _____ Overnight Mail

City of Rexburg       x   U.S. Mail, Postage Prepaid
35 N. 1st East       _____ Hand Delivered
Rexburg, ID 83440      _____ Overnight Mail

Madison County Treasurer      x   U.S. Mail, Postage Prepaid
134 East Main       _____ Hand Delivered
P. O. Box 389       _____ Overnight Mail
Rexburg, ID   83440

/s/ _____
Nicholas L. Taylor

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR FOR
APPOINTMENT OF RECEIVER AND MOTION FOR EXPEDITED
CONSIDERATION** - 11