# EXHIBIT 1

**Instrument # 359541**
REXBURG, MADISON, IDAHO
2-19-2010      03:25:45  No. of Pages: 5
Recorded for : TAMLA RENCHER
MARILYN R. RASMUSSEN        Fee: 15.00
Ex-Officio Recorder  Deputy

REQUESTED BY, AND RETURN TO:

ENVISION TRUST SERVICES
c/o 10606 CAMINO RUIZ, SUITE 8222
SAN DIEGO, CA 92126

## QUIT CLAIM DEED

**GRANTOR:**
RENCHER/ AMERICAN MANOR, LLC
TAMLA RENCHER, MANAGER
1748 JEPPSON AVE
IDAHO FALLS, ID 83404

**GRANTEE:**
151 FAMILY TRUST
Attn: ENVISION TRUST SERVICES, Trustee
258 A STREET, SUITE 134
ASHLAND, OR  97520

The GRANTOR/ASSIGNOR does hereby assign, quitclaim, cede, transfer and convey, in a manner absolute, to the GRANTEE/ASSIGNEE all its rights, title and interests in the form of sole ownership to and in the land generally known as the below stated location and legal description, along with all of the buildings, structures, improvements, and appurtenances currently located on, or pertaining to the below noted land; along with all mortgages, deeds of trust, liens, encumbrances or hypothecations, with all of the associated notes and obligations, currently liened against the real estate at the below stated location, situated in the COUNTY of MADISON, in the STATE of IDAHO, to wit:

**PROPERTY ADDRESS:**
151 SOUTH STREET EAST
REXBURG ID 83404

**LEGAL DESCRIPTION:**
SEE ATTACHED APPENDIX; A, B, C

**CONSIDERATION:** No Consideration, Financial
Reorganization Only
**PROPERTY PIN** 82-0525190

Hereby releasing and waiving all rights under and by virtue of the HOMESTEAD EXEMPTION LAWS OF THE STATE OF IDAHO.

Dated this _____12_____ day of _____Feb_____, 205 _10_

Signature(s) of Grantor(s):

*Tamla Rencher, manager*
RENCHER/ AMERICAN MANOR, LLC

DEED; 151 SOUTH STREET EAST; PAGE 1 OF 2

**IN WITNESS WHEREOF**, the party hereto has hereunto set their hands on the date and at the place first above written.

*Tamra Rencher, manager*

RENCHER/ AMERICAN MANOR, LLC

IN THE STATE OF IDAHO
COUNTY OF BONNEVILLE

On this 18th day of February_____, 2010, before me, Christina M. Davenport_____ Notary Public, the Signatory RENCHER/ AMERICAN MANOR, LLC, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the STATE OF IDAHO that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

*Christina M Davenport*
Signature of Notary Public

Notary Public in and for the STATE OF IDAHO.
If not noted in my Seal, my commission expires: 8-24-2015_____ (Expiration Date)

**ACCEPTANCE OF THIS DEED OF ASSIGNMENT**

ENVISION TRUST SERVICES, the Trustee for the 151 FAMILY TRUST, the ASSIGNEE of this DEED OF ASSIGNMENT, hereby accepts the hereinabove Assignment and Conveyance, without restriction or limitation, including all of the specific assignment(s) related to the land and real estate as described on page 1 herein, on behalf of 151 FAMILY TRUST

In Witness Whereof, I have hereunto set my hand on:

Date: FEBRUARY 16, 2010

*John Wasco*

ENVISION TRUST SERVICES; Authorized Signatory

John Wasco_____
Print Name

INITIALS: *JC*_____

DEED; 151 SOUTH STREET EAST; PAGE 2 OF 2

# APPENDIX A

Regarding Real Property

Part of Lots 2 and 3, Block 50 of the Original Rexburg Townsite, and part of Lot 2, Block 1 of the Parker Addition to the City of Rexburg, Madison County, Idaho, described as follows:

Beginning at the Northwest corner of said Lot 3, Block 50 of the Original Rexburg Townsite as per the recorded plat thereof and running thence N.00°15'14"W. 16.50 feet along the lot line; thence N.89°44'23"E. 330.02 feet to the east line of said Lot 2, Block 50 of the Original Rexburg Townsite; thence S.00°15'05"E. 181.53 feet to the Southeast corner of Lot 3, Block 50 of said Original Rexburg Townsite; thence S.89°44'23"W. 173.27 feet along the south line of said Lot 3; thence S.00°13'48"E. 28.53 feet; thence S.89°44'24"W. 156.74 feet to the west line of Lot 2, Block 1 of the Parker Addition to the City of Rexburg as per the recorded plat thereof; thence N.00°15'14"W. 193.55 feet to the point of beginning.

Parcel contains 1,478 acres

# APPENDIX B

Regarding Real Property

Part of Lot 3, Block 50 of the Original Rexburg Townsite, Madison County, Idaho, described as follows:

Beginning at a point that is S.00°15'14"E. 107.53 feet along the lot line from the Northwest corner of said Lot 3, Block 50 of the Original Rexburg Townsite as per the recorded plat thereof and running thence N.89°44'23"E. 165.01 feet; thence S.00°15'14"E. 2.00 feet; thence N.89°44'23"W. 165.02 feet to the west line of said Lot 3, Block 50 of the Original Rexburg Townsite; thence N.00°15'14"W. 2.00 feet to the point of beginning.

Parcel contains 330 square feet

# APPENDIX C

Regarding Real Property

Part of Lot 3, Block 50 of the Original Rexburg Townsite, Madison County, Idaho, described as follows:

Beginning at a point that is S.00°15'14"E. 37.50 feet along the lot line from the Northwest corner of said Lot 3, Block 50 of the Original Rexburg Townsite, as per the recorded plat thereof and running thence N.89°44'23"E. 165.02 feet; thence S.00°15'05"E. 20.03 feet; thence S.89°44'23"W. 165.02 feet to the west line of said Lot 3, Block 50 of the Original Rexburg Townsite; thence N.00°15'14"W. 20.03 feet to the point of beginning.

Parcel contains 3304 square feet

# EXHIBIT 2



March 5, 2010

**VIA OVERNIGHT MAIL**
Rencher/American Manor, LLC
1748 Jeppson Avenue
Idaho Falls, ID 83404
Attention: Craig Rencher, Manager

Re:  Event of Default under $3,936,000 Promissory Note Dated as of June 19, 2007 (the "Note")
from Rencher/American Manor, LLC (the "Borrower"), and PNC Bank, National
Association (the "Bank")

Ladies and Gentlemen:

This letter is issued in connection with the Note referenced above.  Terms used in this letter
which are defined in the Note shall have the same meanings in this letter as they do in the Note.

The Borrower's failure to pay sums owing, when due, under the Note, as of January 1, 2010,
February 1, 2010 and March 1, 2010 shall constitute Events of Default under the Note on the
fifth (5th) day after the date of this letter

This letter constitutes our fourth notice to you of a payment that was not made when due. If the
past due payments are not made within five (5) days after the date of this letter, the Bank shall
seek to demand payment of all sums owing under this Note.

Until such time, the Bank has chosen not to exercise its rights and remedies under the Note at
this time as a consequence of this Event of Default, but may choose to do so at any time in the
future without any further written notice to the Borrower.  No forbearance, delay or inaction by
the Bank in the exercise of its rights and remedies, and no continuing performance by the Bank
or the Borrower under the Note: (a) shall constitute: (i) a modification or an alteration of the
terms, conditions or covenants of the Agreement or any related documents, instruments and
agreements (collectively as amended from time to time, the "Loan Documents"), all of which
remain in full force and effect; or (ii) a waiver, release or limitation upon the Bank's exercise of
any of its rights and remedies thereunder, all of which are hereby expressly reserved; or (b) shall
relieve or release the Borrower or any guarantor in any way from any of its respective duties,
obligations, covenants or agreements under the Agreement or the other Loan Documents

Rencher/American Manor, LLC
March 5, 2010
Page 2

or from the consequences of the Events of Default described above or any other Events of Default thereunder.  The Bank is not obligated to waive the Events of Default described above or any other Events of Default or defaults, whether now existing or which may occur after the date of this letter.

We believe that this situation is serious.  Please call the undersigned at your earliest convenience so that we may address the outstanding Events of Default promptly.

Very truly yours,

PNC BANK, NATIONAL ASSOCIATION

By: _____

Name: _CHRIS WITTKOPF_____

Title: _Officer_____

cc:  Craig Rencher **– VIA OVERNIGHT MAIL**


17e-m-w.doc

# EXHIBIT 3

## AFFIDAVIT OF NOTARY PRESENTMENT
### &
### CERTIFICATE OF MAILING
### &
### SECOND NOTICE OF DISHONOR

It is hereby certified, that on May 17, 2010, the undersigned Notary Public mailed to:

PNC BANK, N. A.  
LOCKBOX NO 771223, 1223 SOLUTIONS CTR  
CHICAGO, IL 60677-1002  
7009 1680 0002 0310 6575

Richard J. Johnson, CFO PNC Fin. Ser.  
1 PNC Plaza, 249 5th Ave.  
Pittsburgh, PA 15222-2707  
7009 1680 0002 0310 6599

HAWLEY TROXELL ENNIS & HAWLEY LLP  
P.O. BOX 1617  
BOISE, ID 83701-1617  
7009 1680 0002 0310 6582

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain PNC BANK, N. A.; Agreement No. 940953361 as follows:

1. NOTICE OF DEFAULT IN DISHONOR, issued by 151 FAMILY TRUST and dated May 17, 2010.
2. REMOVAL OF TRUSTEE

### WARNING!

This Notary Certificate of Service carries the weight and liability of a Bill of Lading. The contents of this package are to be treated as Cargo listed in the Manifest of a Vessel within The Admiralty Jurisdiction of Maritime Law. The individual(s) opening or handling this package is NOW RESPONSIBLE in their unlimited commercial liability under penalty of perjury for the full contents of this package.

Damages in the amount of $25,000 (Twenty-Five Thousand Dollars) per incident may be assessed against the person(s) who loses, purloins, mishandles, embezzles, misplaces, or misapplies any of the contents of this package:

Said service was made by UNITED STATES POSTAL SERVICE, postage prepaid, by Certified Mail Return Receipt attached by placing same in an envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of Oregon.

State of Oregon       )  
                      ) ss  
County of Jackson     )

WITNESS my hand and official seal.

_Date_ 17 2010

Daniel Lee Kramarenko, Notary Public

## SECOND NOTICE OF DEFAULT IN DISHONOR-OPPORTUNITY TO CURE
## DEMAND FOR PAYMENT

**Notice Of International Commercial Claim Within The Admiralty** *ab initio*
**And Administrative Remedy**

[28 U.S.C. §1333, §2461]

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
(Applicable to all Predessors, Successors and Assigns)

**NOTICE DATE: May 17, 2010**

**SERVICE BY/RESPOND TO**
RPN NOTARIAL ACCEPTOR
258 A ST STE 1; BOX 146
ASHLAND, OREGON 97520

**COMPANIES**
PNC BANK, N. A.
LOCKBOX NO 771223, 1223 SOLUTIONS CTR
CHICAGO, IL  60677-1002
7009 1680 0002 0310 6575

HAWLEY TROXELL ENNIS & HAWLEY LLP
P.O. BOX 1617
BOISE, ID 83701-1617
7009 1680 0002 0310 6582

**CLAIMANT(S)**
151 FAMILY TRUST
c/o 258 A ST STE 1; BOX 134
ASHLAND, OREGON 97520

Richard J. Johnson, CFO PNC Fin. Ser.
1 PNC Plaza, 249 5th Ave.
Pittsburgh, PA 15222-2707
7009 1680 0002 0310 6599

**REFERENCE:** PNC BANK, N. A.;. AGREEMENT  #940953361

**DEFINITIONS:**
1.  "Claimant" is both the original party (as the Trustor) who filled out an application for a loan and the Family Trust, 151 FAMILY TRUST who has accepted any and all liability of the alleged mortgage. The Trustee of the Family Trust is acting under power of attorney for the original Mortgagor.
2.  "Mortgagor" is the man or woman who intended to receive funds, filled out an application with the intent of borrowing funds, and was not informed of the value of his/her signature. The Mortgagor may also be referred to as the "Trustor", since he/she caused to be created both the Deed of Trust and the Family Trust.
3.  "Mortgage" refers to documents, both an agreement and a note, allegedly created by the Mortgagor (Trustor) to secure a loan that was supposed to have been received. The term, "Mortgage" shall be inclusive of "Deed of Trust".
4.  "Company" refers to the original "lender" as well as all assigned parties, agents and subsequent holders-in-due-course. "Company" is inclusive of the CFOs in both their private and corporate capacities.
5.  "Agreement" is by written assent, by a non-response or by inadequate response to this Demand.
6.  "POC" refers to both the "Proof of Claim" letter and the accompanying Affidavit sent to all parties associated with the mortgage by the Trustee for the Family Trust.

**NOTICE**
This is a Notice of Default in Dishonor upon the following instrument(s) mailed by a Notary for the Claimant via the United States Postal Service Certified Mail; which "Presentment", according to the United States Postal Service, was received by the Company:

1. AFFIDAVIT OF NOTARY PRESENTMENT AND CERTIFICATE OF MAILING
2. COMPANY'S NOTICE OF CONDITIONAL ACCEPTANCE AND DEMAND WITH PRIVATE INTERNATIONAL REMEDY
3. CLAIMANT'S AFFIDAVIT

**COMPANY NOT THE CREDITOR**: The Company has failed to stipulate whether or not it is the Creditor. Having failed to do so, Company and its agents must be involved in fraud in maintaining any claim to the Property.

**DISHONOR**: By the terms and conditions of the agreement of item 2 above, by the offer and acceptance of that presentment, the Company has been under the duty and obligation to timely, and in good faith, complete and return, in writing, all conditions set forth in Presentment Items 2 and 3, within thirty (30) days and to provide all disclosure clearly, accurately, and conspicuously. Further, the Company has refused the Claimant's unconditional offer to settle the mortgage in full. A dishonor of the Presentment discharges all the alleged liability that the Company has claimed. With the Company's default, the Claimant shall apply the Terms and Conditions of the POC, as agreed by the Company once the thirty (30) days for the acceptance has passed or should the Company respond inadequately. The Claimant now deems the instruments to have been dishonored on 02/24/2010, and therefore a confession of judgment on the merits is warranted.

**DEFAULT**: The failure of the honoring of the offer has placed the Company at default. This presentment is the Claimant's good faith offer for an extension of the time, to the Company, to provide an additional three (3) days for making the required presentment available to Claimant. The Company may have three (3) days, from the postmark of this presentment, for making presentment at the "Service By/Return To" address given above. For the Company's failure, refusal, or neglect in making a verified response to the POC and Affidavit, the Company is consenting to the Claimant's entry of a Notice of Default in Dishonor upon the Company. The Claimant shall issue a certificate verifying Company's non-performance, acceptance of liability, and Company's acquiescence and tacit agreement with all terms, conditions and stipulations within the POC.

**RESPONSE**: Only a response that meets the following criteria qualifies as a sufficient verified response.
1. Complete and return, in writing, all conditions set forth in the POC, point by point, and provide all disclosure clearly, accurately, and conspicuously. Merely sending a copy of an alleged mortgage agreement will not suffice; and
2. Any response must be made as a presentment to the Notary Public named above, under the "Service By/Return To" address given above, and received by said Notary Public no later than three (3) days from the postmark of this presentment.

**DEFAULT**: By the Company's agreement, amongst others, the following points have been accepted and admitted by the Company:
    a.    No loan has been made by Company on the subject Property.
    b.    What was called a "Note" was "Satisfied" at its inception.
    c.    No proper contract ever was in place between the Company and the Claimant.
    d.    The original Note is probably missing.

**CONFESSION OF JUDGMENT**: Default is with the Company's confession of judgment to the following:
1. The balance due on the above-referenced alleged Mortgage Loan is zero and 00/100 dollars ($0.00).
2. The Company has irrevocably conveyed any and all rights, titles and interests in and on any and all collateral in association with or the security for the above-referenced alleged Mortgage Loan to the Claimant(s).
3. The Company has irrevocably conveyed the authority for the acquisition, procurement, and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles and interests in and on any and all collateral in the association with or the security for the above-referenced alleged Mortgage Loan to the Claimant.
4. The Company waives of any and all claims, rights, immunities and defenses.

## COMPANY'S CONFESSION OF JUDGMENT IS WITH THESE STIPULATIONS:

1.  Company has granted a specific power-of-attorney for the acquisition, procurement and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles, and interests in or pertaining to any and all collateral associated with or secured by the above-referenced alleged Mortgage Loan to the Claimant.

2.  Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment on any and all property, fixtures, accounts, and public hazard bonds by the Claimant against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the hindering, impeding, obstruction and/or delaying of the Claimant's rights, titles and interests in any and all collateral in association with or the security for the above-referenced alleged PNC BANK, N. A.; Agreement No. 940953361.

3.  Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts, and public hazard bonds by the Claimant(s) against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the semblance of harassment, coercion, defrauding, and/or defamation of the Claimant(s) and/or any negative reporting to any and all credit agencies, and/or the Claimant's collateral. The bonds of CEOs, CFOs, and attorneys who facilitate the Company's dishonor may now be attached to settle the Claimant's claim.

4.  Claimant is entitled to performance and stipulated damages agreed to by Company's failure to respond or rebut or prove claims on both the Affidavit and POC, File # 7009 1680 0002 0310 5936. As per the Company's agreement to pay damages amounting to the Invoiced Amount total listed in the True Bill accounting of the dishonored POC in the following amounts, as the terms and conditions did clearly manifest, this document is a demand for payment of the agreed damages.

5.  Company has consented to the Claimant's or his assign's assumption of the full and exclusive power of attorney for all matters concerning the Mortgage, Trust Deed, Note and Property. Company has consented to the Claimant's or his assign's assumption of the exclusive trustee position for the Trust Deed with full rights over liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts concerning the Deed of Trust, Note or the Property.

6.  The Company agrees that because the Mortgage and/or the Trust Deed should have had payments by the tenant (Mortgagor) credited to the Principle (also, the Mortgagor), and because this fact was hidden from the Mortgagor, the Mortgage and/or the Trust Deed is void ab initio, void for fraud. Therefor the Mortgage and or Deed of Trust is hereby revoked and made a nullity.

7.  The Company agrees that it has refused the offer of full payment of this debt and agrees that under UCC 3-603 the debt is paid in full. When payment has been rendered, under "Extortionate Credit Transactions" of 18 USC 891-894, by demanding further payments on this purported debt paid in full or foreclosing, the Company is committing violations of Federal law. This documentation is being retained as criminal evidence of creating a "Fictitious Obligation" 18 USC 514. It is clearly "Fraud" under 18 USC 1001, by claiming the authority to refuse the payment. Refusal also clearly violates HJR 192 and 31 USC 5118 by refusing a "Commercial Instrument" for the payment of debt. The Company agrees that it has engaged in the criminal conduct of "Interference with commerce" 18 USC 1951. This can only be "Conspiracy against rights" 18 USC 241 specifically Mortgagor's or his Trustee's right to contract under 42 USC 1981 to pay debt.

## MODIFICATIONS:

As the Trustor for a certain alleged Mortgage recorded in MADISON COUNTY, IDAHO on 06/25/2007 as instrument number 338177, I have given notice, with the Company's agreement, that the Mortgage and any/all associated agreements are modified as follows:

1.  The Mortgage has been modified to reflect the true nature of the transaction, to wit: Claimant was the originator of the funds and "lender" extended no funds but made ledger entries to appear that a loan took place when in fact it was an exchange in favor of the Company.

2.  The note that evidences the debt should be returned to the source.

3.  The Mortgage has been modified to reflect a balance of zero dollars ($0.00) due.

4. The Mortgage has been modified to reflect the need for a full re-conveyance to be made of the "property".

5. The Mortgage has been modified to eliminate any further payments.

6. The Mortgage has been modified to reflect a status of "paid as agreed" for the purpose of reporting to credit bureaus.

7. The Mortgage has been modified to prohibit any negative reports to the credit bureaus.

8. All rights, title and interest have been transferred into the name of the Claimant, unencumbered and are replevible only by suit brought by the Company in a court of admiralty.

9. Any attempt to convert the title, hold a "sale" or "auction" shall be deemed to be commercially harming the Claimant.

Of this presentment, please take due notice and heed, and govern yourself accordingly.
This is the final opportunity to cure.

IN WITNESS WHEREOF I hereunto set my hand and seal on May 17, 2010 and hereby certify all the statements made above are true, correct and complete.

Reply to:
Your response must be mailed to the following party, who is serving as a third party witness, and who is responsible for this mailing:

    RPN NOTARIAL ACCEPTOR
    258 A ST STE 1; BOX 146
    ASHLAND, OREGON 97520

All Rights Reserved          Date: May 17, 2010

151 FAMILY TRUST

*Nancy Valentine*

ENVISION TRUST SERVICES, Trustee / Authorized Signature
C/o 258 A ST STE 1; BOX 134
ASHLAND, OREGON 97520

STATE OF OREGON
COUNTY OF JACKSON

This instrument was signed and affirmed before me on May 17, 2010, by: Nancy Valentine.

WITNESS my hand and official seal.

_____

Daniel Lee Kramarenko, Notary Public

PROPERTY PIN 82-0525190                              Date: May 17, 2010

From and when recorded please return to:
ENVISION TRUST SERVICES
c/o 258 A ST., SUITE 1#134
ASHLAND, OREGON 97520

# REMOVAL OF TRUSTEE

To: PNC BANK, N. A.; HAWLEY TROXELL ENNIS & HAWLEY LLP; Richard J. Johnson, CFO PNC Fin. Ser.;

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Re: MORTGAGE/DEED OF TRUST RECORDED AS DOCUMENT NO: 338177
RECORDED ON: 06/25/2007
ORIGINAL AGREEMENT NO. 940953361
PROPERTY PIN 82-0525190
COMMONLY KNOWN ADDRESS: 151 SOUTH 1ST STREET EAST; REXBURG, ID 83440

**LEGAL DESCRIPTION:**
SEE ATTACHED APPENDIX; A, B, C

### ACTUAL AND CONSTRUCTIVE NOTICE

ENVISION TRUST SERVICES, under a DURABLE AND IRREVOCABLE POWER OF ATTORNEY, granted by RENCHER/ AMERICAN MANOR, LLC & TAMLA RENCHER, MANAGER (notarized copy attached) hereby gives reference to:
   A) the above described real property situated in said county and state, and
   B) the original agreement number (aka loan number) as above, and
   C) the Deed of Trust drawn and executed by RENCHER/ AMERICAN MANOR, LLC & TAMLA RENCHER, MANAGER and referenced hereinabove, as Trustor/Grantor/Creator, and as Actual and Constructive Notice does hereby declare:

REMOVAL OF TRUSTEE; 151 SOUTH 1ST STREET EAST; PAGE 1 OF 2

1.) Effective immediately, ENVISION TRUST SERVICES hereby forever removes, releases, and discharges all: "Trustee(s), Successor Trustee(s), Substituted Trustee, Agent(s), Servicer(s), Assign(s), Transfer(s), known and unknown", including all of the abovenamed respondents, thereby removing and terminating the same from any/all duties and forever barring/estopping the aforesaid from any further appointments or assignments originally granted or contained within the Deeds of Trusts concerned herein.

2.) Effective immediately, RENCHER/ AMERICAN MANOR, LLC & TAMLA RENCHER, MANAGER forever Revoked, Canceled, Voided, and Rescinded any/all duties, appointments, or assignments originally granted by Power of Attorney, Authority, or otherwise granted/granting, and/or signs/signatures, assigned/assigning to any party(ies) including the alleged lender and successors, known and unknown including but not limited to, all of the above named respondents, thereby removing and terminating the same from any/all duties and forever barring/estopping the aforesaid of any further appointments of any/all 'trustee(s)", "successor trustee(s)", "substitutes", or "beneficiary(s)".

**LET IT BE KNOWN**

All the above named respondents, also known as "Trustee, Successor Trustee(s), Beneficiary(s)", or Assigns, Substitutes, known or unknown above, are hereby directed to immediately CEASE and DESIST any further actions through said appointments/assignments granted in or from all of the above named Mortgage/Deed of Trust such continued or further action by ANY of the above named parties may be considered fraudulent, causing commercial harm.


*Nancy Valentine*

ENVISION TRUST SERVICES
Nancy Valentine, Authorized Signature


### ACKNOWLEDGEMENT

STATE OF OREGON
COUNTY OF JACKSON
This instrument was signed and affirmed before me on May 17, 2010,
by: Nancy Valentine.

WITNESS my hand and official seal.                                    Date May 17 2010

*Daniel Lee Kramarenko*

Daniel Lee Kramarenko, Notary Public

```
OFFICIAL SEAL
DANIEL LEE KRAMARENKO
NOTARY PUBLIC-OREGON
COMMISSION NO. 442409
MY COMMISSION EXPIRES SEPT. 7, 2013
```

REMOVAL OF TRUSTEE; 151 SOUTH 1ST STREET EAST; PAGE 2 OF 2

# EXHIBIT 4

# AFFIDAVIT OF NOTARY PRESENTMENT
## &
## CERTIFICATE OF MAILING
## &
## FINAL NOTICE OF DISHONOR

It is hereby certified, that on May 28, 2010, the undersigned Notary Public mailed to:

PNC BANK, N. A.
LOCKBOX NO 771223, 1223 SOLUTIONS CTR
CHICAGO, IL 60677-1002
7009 0820 0000 6751 7912

Richard J. Johnson, CFO PNC FIN. SER.
1 PNC Plaza, 249 5th Ave.
Pittsburgh, PA 15222-2707
7009 0820 0000 6751 7936

HAWLEY TROXELL ENNIS & HAWLEY LLP
P.O. BOX 1617
BOISE, ID 83701-1617
7009 0820 0000 6751 7929

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain PNC BANK, N. A.; Agreement No. 940953361 as follows:

1. NOTICE OF DEFAULT IN DISHONOR, issued by 151 FAMILY TRUST and dated May 28, 2010
2. REVOCATION OF POA
3. DURABLE & IRREVOCABLE POA
4. COMMERCIAL INVOICE

### WARNING!

This Notary Certificate of Service carries the weight and liability of a Bill of Lading. The contents of this package are to be treated as Cargo listed in the Manifest of a Vessel within The Admiralty Jurisdiction of Maritime Law. The individual(s) opening or handling this package is NOW RESPONSIBLE in their unlimited commercial liability under penalty of perjury for the full contents of this package.

Damages in the amount of $25,000 (Twenty-Five Thousand Dollars) per incident may be assessed against the person(s) who loses, purloins, mishandles, embezzles, misplaces, or misapplies any of the contents of this package:

Said service was made by UNITED STATES POSTAL SERVICE, postage prepaid, by Certified Mail Return Receipt attached by placing same in an envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of Oregon.

State of Oregon                )
                               ) ss
County of Jackson              )

WITNESS my hand and official seal.

_Daniel Lee Kramarenko, Notary Public_

_May 28th 2010_
Date

OFFICIAL SEAL
DANIEL LEE KRAMARENKO
NOTARY PUBLIC-OREGON
COMMISSION NO. 442409
MY COMMISSION EXPIRES SEPT. 7, 2013

**FINAL NOTICE OF DEFAULT IN DISHONOR-OPPORTUNITY TO CURE
DEMAND FOR PAYMENT**

**Notice Of International Commercial Claim Within The Admiralty** *ab initio*
**And Administrative Remedy**

[28 U.S.C. §1333, §2461]

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
(Applicable to all Predessors, Successors and Assigns)

**NOTICE DATE: May 28, 2010**

| **SERVICE BY/RESPOND TO** | **CLAIMANT(S)** |
|---|---|
| RPN NOTARIAL ACCEPTOR | 151 FAMILY TRUST |
| 258 A ST STE 1; BOX 146 | c/o 258 A ST STE 1; BOX 134 |
| ASHLAND, OREGON 97520 | ASHLAND, OREGON 97520 |

**COMPANIES**
PNC BANK, N. A.
LOCKBOX NO 771223, 1223 SOLUTIONS CTR
CHICAGO, IL  60677-1002
7009 0820 0000 6751 7912

Richard J. Johnson, CFO PNC FIN. SER.
1 PNC Plaza, 249 5th Ave.
Pittsburgh, PA 15222-2707
7009 0820 0000 6751 7936

HAWLEY TROXELL ENNIS & HAWLEY LLP
P.O. BOX 1617
BOISE, ID 83701-1617
7009 0820 0000 6751 7929

**REFERENCE:  PNC BANK, N. A.;. AGREEMENT #940953361**

**DEFINITIONS:**
1.  "Claimant" is both the original party (as the Trustor) who filled out an application for a loan and the Family Trust, 151 FAMILY TRUST who has accepted any and all liability of the alleged mortgage. The Trustee of the Family Trust is acting under power of attorney for the original Mortgagor.
2.  "Mortgagor" is the man or woman who intended to receive funds, filled out an application with the intent of borrowing funds, and was not informed of the value of his/her signature. The Mortgagor may also be referred to as the "Trustor", since he/she caused to be created both the Deed of Trust and the Family Trust.
3.  "Mortgage" refers to documents, both an agreement and a note, allegedly created by the Mortgagor (Trustor) to secure a loan that was supposed to have been received. The term, "Mortgage" shall be inclusive of "Deed of Trust".
4.  "Company" refers to the original "lender" as well as all assigned parties, agents and subsequent holders-in-due-course. "Company" is inclusive of the CFOs in both their private and corporate capacities.
5.  "Agreement" is by written assent, by a non-response or by inadequate response to this Demand.
6.  "POC" refers to both the "Proof of Claim" letter and the accompanying Affidavit sent to all parties associated with the mortgage by the Trustee for the Family Trust.

**NOTICE**
This is a Notice of Default in Dishonor upon the following instrument(s) mailed by a Notary for the Claimant via the United States Postal Service Certified Mail; which "Presentment", according to the United States Postal Service, was received by the Company:

1. AFFIDAVIT OF NOTARY PRESENTMENT AND CERTIFICATE OF MAILING
2. COMPANY'S NOTICE OF CONDITIONAL ACCEPTANCE AND DEMAND WITH PRIVATE INTERNATIONAL REMEDY
3. CLAIMANT'S AFFIDAVIT

**COMPANY NOT THE CREDITOR**: The Company has failed to stipulate whether or not it is the Creditor. Having failed to do so, Company and its agents must be involved in fraud in maintaining any claim to the Property.

**DISHONOR**: By the terms and conditions of the agreement of item 2 above, by the offer and acceptance of that presentment, the Company has been under the duty and obligation to timely, and in good faith, complete and return, in writing, all conditions set forth in Presentment Items 2 and 3, within thirty (30) days and to provide all disclosure clearly, accurately, and conspicuously. Further, the Company has refused the Claimant's unconditional offer to settle the mortgage in full. A dishonor of the Presentment discharges all the alleged liability that the Company has claimed. With the Company's default, the Claimant shall apply the Terms and Conditions of the POC, as agreed by the Company once the thirty (30) days for the acceptance has passed or should the Company respond inadequately. The Claimant now deems the instruments to have been dishonored on 02/24/2010, and therefore a confession of judgment on the merits is warranted.

**DEFAULT**: The failure of the honoring of the offer has placed the Company at default. This presentment is the Claimant's good faith offer for an extension of the time, to the Company, to provide an additional three (3) days for making the required presentment available to Claimant. The Company may have three (3) days, from the postmark of this presentment, for making presentment at the "Service By/Return To" address given above. For the Company's failure, refusal, or neglect in making a verified response to the POC and Affidavit, the Company is consenting to the Claimant's entry of a Notice of Default in Dishonor upon the Company. The Claimant shall issue a certificate verifying Company's non-performance, acceptance of liability, and Company's acquiescence and tacit agreement with all terms, conditions and stipulations within the POC.

**RESPONSE**: Only a response that meets the following criteria qualifies as a sufficient verified response.
1. Complete and return, in writing, all conditions set forth in the POC, point by point, and provide all disclosure clearly, accurately, and conspicuously. Merely sending a copy of an alleged mortgage agreement will not suffice; and
2. Any response must be made as a presentment to the Notary Public named above, under the "Service By/Return To" address given above, and received by said Notary Public no later than three (3) days from the postmark of this presentment.

**DEFAULT**: By the Company's agreement, amongst others, the following points have been accepted and admitted by the Company:
    a.     No loan has been made by Company on the subject Property.
    b.     What was called a "Note" was "Satisfied" at its inception.
    c.     No proper contract ever was in place between the Company and the Claimant.
    d.     The original Note is probably missing.

**CONFESSION OF JUDGMENT**: Default is with the Company's confession of judgment to the following:
1. The balance due on the above-referenced alleged Mortgage Loan is zero and 00/100 dollars ($0.00).
2. The Company has irrevocably conveyed any and all rights, titles and interests in and on any and all collateral in the association with or the security for the above-referenced alleged Mortgage Loan to the Claimant(s).
3. The Company has irrevocably conveyed the authority for the acquisition, procurement, and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles and interests in and on any and all collateral in the association with or the security for the above-referenced alleged Mortgage Loan to the Claimant.
4. The Company waives of any and all claims, rights, immunities and defenses.

**COMPANY'S CONFESSION OF JUDGMENT IS WITH THESE STIPULATIONS:**

1.  Company has granted a specific power-of-attorney for the acquisition, procurement and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles, and interests in or pertaining to any and all collateral associated with or secured by the above-referenced alleged Mortgage Loan to the Claimant.

2.  Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment on any and all property, fixtures, accounts, and public hazard bonds by the Claimant against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the hindering, impeding, obstruction and/or delaying of the Claimant's rights, titles and interests in any and all collateral in association with or the security for the above-referenced alleged PNC BANK, N. A.; Agreement No. 940953361.

3.  Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts, and public hazard bonds by the Claimant(s) against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the semblance of harassment, coercion, defrauding, and/or defamation of the Claimant(s) and/or any negative reporting to any and all credit agencies, and/or the Claimant's collateral. The bonds of CEOs, CFOs, and attorneys who facilitate the Company's dishonor may now be attached to settle the Claimant's claim.

4.  Claimant is entitled to performance and stipulated damages agreed to by Company's failure to respond or rebut or prove claims on both the Affidavit and POC, File # 7009 1680 0002 0310 5936. As per the Company's agreement to pay damages amounting to the Invoiced Amount total listed in the True Bill accounting of the dishonored **POC** in the following amounts, as the terms and conditions did clearly manifest, this document is a demand for payment of the agreed damages.

5.  Company has consented to the Claimant's or his assign's assumption of the full and exclusive power of attorney for all matters concerning the Mortgage, Trust Deed, Note and Property. Company has consented to the Claimant's or his assign's assumption of the exclusive trustee position for the Trust Deed with full rights over liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts concerning the Deed of Trust, Note or the Property.

6.  The Company agrees that because the Mortgage and/or the Trust Deed should have had payments by the tenant (Mortgagor) credited to the Principle (also, the Mortgagor), and because this fact was hidden from the Mortgagor, the Mortgage and/or the Trust Deed is void ab initio, void for fraud. Therefor the Mortgage and or Deed of Trust is hereby revoked and made a nullity.

7.  The Company agrees that it has refused the offer of full payment of this debt and agrees that under UCC 3-603 the debt is paid in full. When payment has been rendered, under "Extortionate Credit Transactions" of 18 USC 891-894, by demanding further payments on this purported debt paid in full or foreclosing, the Company is committing violations of Federal law. This documentation is being retained as criminal evidence of creating a "Fictitious Obligation" 18 USC 514. It is clearly "Fraud" under 18 USC 1001, by claiming the authority to refuse the payment. Refusal also clearly violates HJR 192 and 31 USC 5118 by refusing a "Commercial Instrument" for the payment of debt. The Company agrees that it has engaged in the criminal conduct of "Interference with commerce" 18 USC 1951. This can only be "Conspiracy against rights" 18 USC 241 specifically Mortgagor's or his Trustee's right to contract under 42 USC 1981 to pay debt.

**MODIFICATIONS:**

As the Trustor for a certain alleged Mortgage recorded in MADISON COUNTY, IDAHO on 06/25/2007 as instrument number 338177, I have given notice, with the Company's agreement, that the Mortgage and any/all associated agreements are modified as follows:

1.  The Mortgage has been modified to reflect the true nature of the transaction, to wit: Claimant was the originator of the funds and "lender" extended no funds but made ledger entries to appear that a loan took place when in fact it was an exchange in favor of the Company.

2.  The note that evidences the debt should be returned to the source.

3.  The Mortgage has been modified to reflect a balance of zero dollars ($0.00) due.

4. The Mortgage has been modified to reflect the need for a full re-conveyance to be made of the "property".

5. The Mortgage has been modified to eliminate any further payments.

6. The Mortgage has been modified to reflect a status of "paid as agreed" for the purpose of reporting to credit bureaus.

7. The Mortgage has been modified to prohibit any negative reports to the credit bureaus.

8. All rights, title and interest have been transferred into the name of the Claimant, unencumbered and are repleviable only by suit brought by the Company in a court of admiralty.

9. Any attempt to convert the title, hold a "sale" or "auction" shall be deemed to be commercially harming the Claimant.

Of this presentment, please take due notice and heed, and govern yourself accordingly.

IN WITNESS WHEREOF I hereunto set my hand and seal on May 28, 2010 and hereby certify all the statements made above are true, correct and complete.

Reply to:

Your response must be mailed to the following party, who is serving as a third party witness, and who is responsible for this mailing:

> RPN NOTARIAL ACCEPTOR
> 258 A ST STE 1: BOX 149
> ASHLAND, OREGON 97520

All Rights Reserved            Date: May 28, 2010

151 FAMILY TRUST

*Nancy Valentine*

ENVISION TRUST SERVICES, Trustee / Authorized Signature
c/o 258 A ST STE 1; BOX 134
ASHLAND, OREGON 97520

State of Oregon            )
                           ) ss
County of Jackson          )

WITNESS my hand and official seal.

Date

Daniel Lee Kramarenko, Notary Public

OFFICIAL SEAL
DANIEL LEE KRAMARENKO
NOTARY PUBLIC-OREGON
COMMISSION NO. 442409
MY COMMISSION EXPIRES SEPT. 7, 2013

Instrument # 359542
REXBURG, MADISON, IDAHO
2-19-2010    03:29:57  No. of Pages: 2
Recorded for : TAMLA RENCHER
MARILYN R. RASMUSSEN      Fee: 6.00
Ex-Officio Recorder  Deputy

REQUESTED BY, AND RETURN TO:

ENVISION TRUST SERVICES
c/o 10606 CAMINO RUIZ, SUITE 8222
SAN DIEGO, CA 92126

## REVOCATION OF POWER OF ATTORNEY

**PROPERTY ADDRESS:**
151 SOUTH STREET EAST
REXBURG ID 83404
**PROPERTY PIN 82-0525190**

**PRINCIPAL:**
RENCHER/ AMERICAN MANOR, LLC

Reference is made to a certain power of attorney which may have been granted, explicitly or implicitly, by RENCHER/ AMERICAN MANOR, LLC (Principal) to PNC BANK, N. A. and/or their assignee(s), predecessor(s), principal(s) or agent(s) (Attorney-in-Fact), which although unrecorded, was dated on or around the date of the origination of the Deed of Trust (Mortgage), which was recorded as Instrument #338177 on 06/25/2007 in the official records of MADISON COUNTY.

This document acknowledges and constitutes notice that the Principal hereby revokes, rescinds and terminates said power-of-attorney and all authority, rights and power thereto effective this date for any and all previous and current trustees, their agents or assigns.

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

IN WITNESS WHEREOF, the party hereto has hereunto set their hand on the date and at the place first written below.

*Tamla Rencher, manager*
RENCHER/ AMERICAN MANOR, LLC

### THE BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK

INITIALS: _TR_

REV OF POA; 151; PAGE 1 OF 2

**IN WITNESS WHEREOF**, the party hereto has hereunto set their hands on the date and at the place first written below.

_Tanda Rencher, manager_
RENCHER/ AMERICAN MANOR, LLC

IN THE STATE OF IDAHO
COUNTY OF BONNEVILLE

On this 18th day of February , 2010, before me, Christina M. Davenport Notary Public, the Signatory RENCHER/ AMERICAN MANOR, LLC, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/ their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the STATE OF IDAHO that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

_Christina M Davenport_
Signature of Notary Public

Notary Public in and for the STATE OF IDAHO.
If not noted in my Seal, my commission expires: 8:24:2015
Signature of Notary Public                                  (Expiration Date)

INITIALS: _JR_

REV OF POA; 151; PAGE 2 OF 2

**Instrument # 359543**
REXBURG, MADISON, IDAHO
2-19-2010      03:32:00  No. of Pages: 2
Recorded for : TAMLA RENCHER
MARILYN R. RASMUSSEN          Fee: 6.00
Ex-Officio Recorder  Deputy

REQUESTED BY, AND RETURN TO:

ENVISION TRUST SERVICES
c/o 10606 CAMINO RUIZ, SUITE 8222
SAN DIEGO, CA 92126

## DURABLE AND IRREVOCABLE POWER OF ATTORNEY

**PROPERTY ADDRESS:**
151 SOUTH STREET EAST
REXBURG ID 83404
**PROPERTY PIN 82-0525190**

**PRINCIPAL:**
RENCHER/ AMERICAN MANOR, LLC

**AGENT:**
ENVISION TRUST SERVICES, Trustee
151 FAMILY TRUST

Know all persons by these presents that I, the above named "PRINCIPAL" do hereby appoint the above named "AGENT" to act in my name and place, to the fullest extent which I could act if I were personally present in connection with the below Section 1 of this Power of Attorney.

**Section 1. Delegation of Power.** The PRINCIPAL hereby appoints the AGENT to act for the PRINCIPAL in all matters related to the above named Property, including but not limited to, any and all liens, encumbrances, deed(s) of trust/ mortgage agreement(s) and the related note(s), including but not limited to, replacing all previous trustee(s) responsible on or with, said deed(s) of trust/mortgages associated with the Property.

**Section 2. Term.** This power of attorney shall become effective on the date the PRINCIPALS sign this instrument and shall expire and be of no further force and effect after the deed(s) of trust/mortgage encumberance(s) on the Property are satisfied. The expiration of this power of attorney at the end of the specified term shall not affect the validity of any action taken by the AGENT pursuant to this power while this Power of Attorney was in effect.

**Section 3. Durable Power of Attorney.** This power of attorney shall not be affected by the subsequent disability or incapacity of the PRINCIPAL.

**Section 4. Delegation of Powers.** The AGENT may delegate the powers granted to the AGENT by this Power of Attorney by a delegation in writing which makes reference to this Power of Attorney and otherwise complies with applicable law.

THE BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK

INITIALS: _JR_____

**IN WiTNESS WHEREOF**, the parties hereto have hereunto set their hands on the date and at the place first above written.

_Pamela Rencher, manager_

RENCHER/ AMERICAN MANOR, LLC

IN THE STATE OF IDAHO
COUNTY OF BONNEVILLE

On this _18_ day of _FEBRUARY_, 2010, before me, _Tim M. Cox_ Notary Public, the Signatory RENCHER/ AMERICAN MANOR, LLC, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the STATE OF IDAHO that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

_Tim M Cox_
Signature of Notary Public

Notary Public in and for the STATE OF IDAHO.
If not noted in my Seal, my commission expires: _9-13-2014_ (Expiration Date)

THE BALANCE OF THIS PAGE INTENT

INITIALS: _TR_

**151 FAMILY TRUST**
***ENVISION TRUST SERVICES, Trustee***
c/o 258 A ST STE 1; BOX 134
ASHLAND, OREGON 97520

**COMMERCIAL INVOICE**
Date: May 28, 2010
Invoice No. EN-13-151-02-101

| TO: | RE: |
|---|---|
| **HAWLEY TROXELL ENNIS & HAWLEY LLP**<br>P.O. BOX 1617<br>BOISE, ID 83701-1617 | **Your Acceptance of the Terms &**<br>**Conditions of Contract and Default**<br>151 SOUTH 1ST STREET EAST<br>REXBURG, ID 83440<br>PIN 82-0525190<br>Agreement #940953361 |

### POINTS OF BILLING AS PER YOUR AGREEMENT

| | BILLING DATE | 5/27/10 | | |
|---|---|---|---|---|
| | DEFAULT DATE | 2/22/10 | | |
| | | | **POINTS OF** | |
| | DAYS IN DEFAULT | 94 | **FAILURE** | **TOTALS** |
| **FAILURE TO PROVE CLAIMS** | BILLING RATE A | $250/DAY/POINT | 28 | $658,000 |
| **NEGATIVE REPORTS TO CRAs** | BILLING RATE A | $250/DAY/POINT | 28 | $658,000 |
| **STARTING OR CONTINUING FORECLOSURE ACTIVITIES** | BILLING RATE B | $500,000 each | 1 | $500,000 |
| | | **BALANCE DUE AND PAYABLE** | | **$1,816,000** |

### THIS INVOICE IS DUE UPON RECEIPT

**Make all checks payable to: ENVISION TRUST SERVICES, Trustee**
c/o 258 A ST., SUITE 1; BOX 134
ASHLAND, OREGON 97520

To Be Paid Within 30 Days of Invoice. 2% Net 10
Overdue accounts subject to late fees and a service charge of 1.5% per month.

**FAILURE TO PAY THIS INVOICE MAY RESULT IN COLLECTION ACTIONS, INCLUDING BUT**
**NOT LIMITED TO, FILING WITH THE COUNTY RECORDER A NOTICE OF LIEN**

***Thank you for your business!***

# EXHIBIT 5

## AFFIDAVIT OF NOTARY PRESENTMENT
### &
### CERTIFICATE OF MAILING

STATE OF OREGON      )
                           ) ss

COUNTY OF JACKSON    )

### CERTIFICATION OF MAILING

On June 21, 2010, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do hereby certify that the following documents listed below were presented before me and that I personally verified that these documents were placed in an envelope and sealed by me. They were sent by United States Post Office Certified Mail to:

PNC BANK, N. A.                                       Richard J. Johnson, CFO PNC FIN. SER.

HAWLEY TROXELL ENNIS & HAWLEY LLP

THIS PACKAGE CONTAINS:
1. THIS AFFIDAVIT OF NOTARY PRESENTMENT AND CERTIFICATE OF MAILING
2. ADMINISTRATIVE JUDGEMENT
3. COMMERCIAL INVOICE

STATE OF OREGON      )
                           ) ss

COUNTY OF JACKSON    )

WITNESS my hand and official seal.

_____
Daniel Kramarenkop, Notary Public

June 21st 2010
_____
Date

```
OFFICIAL SEAL
DANIEL LEE KRAMARENKO
NOTARY PUBLIC-OREGON
COMMISSION NO. 442409
MY COMMISSION EXPIRES SEPT. 7, 2013
```

**ADMINISTRATIVE COURT**

151 FAMILY TRUST, Libellant

VS.

PNC BANK, N. A.                                    7010 0780 0000 9938 9500

HAWLEY TROXELL ENNIS & HAWLEY LLP                  7010 0780 0000 9938 9517

Richard J. Johnson, CFO PNC FIN. SER.              7010 0780 0000 9938 9524

Libellees,

All, individually and severally

hereinafter "Company"

In the Admiralty

### NOTICE OF FINAL DETERMINATION AND JUDGEMENT IN NIHIL DECIT

Comes now ENVISION TRUST SERVICES, the Trustee for 151 FAMILY TRUST, hereinafter "TRUSTEE", for the benefit of RENCHER/ AMERICAN MANOR, LLC and TAMLA RENCHER, MANAGER to this administrative court with the notice of the following facts concerning an alleged mortgage on property known as 151 SOUTH 1ST STREET EAST, REXBURG, IDAHO 83440, PIN 82-0525190, hereinafter "Property": Trustees for the Company as mentioned in this document shall not be capitalized, i.e. "trustee". The term "Company" herein refers to any mortgage instituting bank or mortgage company and/or others of fictitious names, and/or other agents, associates, affiliates, and/or co-conspirators, and attorneys and/or realtors involved.

**AS IN ALL COMMUNICATIONS FROM THE TRUSTEE FOR THE FAMILY TRUST;**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

A. The TRUSTEE made an offer to settle the account in full. That offer was dishonored and was not accepted. The TRUSTEE caused an investigation to be made of the activities of the Company by originally sending a proof of claim contract named "Conditional Acceptance and Demand", hereinafter "POC" and an attached Affidavit covering the same points as the POC. Based upon that investigation, the Trustee has determined that the above named, and their attorneys, have engaged in acts and/ or practices and conduct known through a "pattern of racketeering activity" an activity within the meaning of RICO statutes in 18 U.S.C Section 1961(5), in violation of Section 1962, Section 471, 472, and 473 (relating to counterfeiting), sections 891-894 (relating to extortionate credit transactions, section 1344 (relating to financial institution fraud), section 1510 (relating to obstruction of criminal investigations), sections 1581-1591 relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1956 (relating to the laundering of monetary instruments), and section 1957 (relating to engaging in transactions in property derived from specified unlawful activity).

B.      The points enumerated in the POC were agreed to by the Company, either by their silent acceptance or direct response. Also, the Company, after utilizing the consideration provided by the Trust, has accepted the Terms and Conditions of the contract contained therein. Further, the Company has failed to prove, in three faults and opportunities to cure, that it is the creditor concerning the Property.

C.      **The 151 FAMILY TRUST, and the Mortgagor as beneficiary were created as an Express Trust, with the understanding that unlawful purpose, surety of the parties, beneficial interest, color of title and trusteeship, not to be imputed unless expressly defined in the family trust document.**

Furthermore, based on the investigation, the Trustee hereby issues the following Finding of Facts, Conclusions, Order and Notice to Desist and Refrain under the authority of this judgment:

**FINDING OF FACTS**

1.      Upon information and belief, the trustee(s) for the original Mortgagee and their assigns (of beneficial interest) was/were, at all times material hereto, doing business in the COUNTY OF MADISON, STATE OF IDAHO, by and through the Company, some or all ens legis organizations, seemingly used to conceal fraud and usurp liability. See: Scanes v. Babb, 124 W. Va. 428, 20 S.E.2d 683, 686.

2.      The TRUSTEE, believing the Company would be reasonable, offered to settle the claimed mortgage balance in full. The TRUSTEE'S offer and/or the settlement instruments was/were refused and the settlement instruments never returned.

3.      At no time herein mentioned has any of Company been determined to be a

creditor concerning the Mortgagor, despite repeated attempts to uncover the truth. Yet, the Company has encumbered the Property and has acted as if the Company was the creditor.

4.    The Company has never proved that any loan was ever made to Mortgagor. In fact, the Company has admitted to never being the creditor in this mortgage transaction Therefore, the balance due on the above-referenced alleged Mortgage Loan is zero and 00/100 dollars ($0.00).

5.    The Company has refused to produce the purported note, showing how it appears today. Further, by their lack of response, the Company has admitted that there is no note or that they Company is not in possession of the note, and therefor is not the creditor.

6.    Regarding any claim to foreclose naming the Company fails because the Company has no legal standing or is ignorant of the claim and of the use of its name in the action. It is contempt of court to sue in the name of a fictitious party, even in non-judicial foreclosure states.

7.    Further, within the same claim filed, a negotiable instrument was drawn to fictitious payee and payee named in it had no right to it, and its maker does not intend that such payee shall take anything by it; whether name of payee used by maker is that of immaterial. Goodyear Tire & Rubber Co. of California v. Wells Fargo Bank & Union Trust Co.,1 Cal.App.2d 694, 37 P.2d 483.
"Fictitiousness" depends on the intention to pay, rather than on the payee's existence. Norton v. City Bank & Trust Co., C.C.A.Va., 294 F. 839, 844; Mueller & Martin v. Liberty Ins. Bank, 187 Ky, 44, 218 S.W. 465, 466.

8.    At no time did those comprising the Company present an actual contract bearing the signature of all parties in this matter, in acceptance to agreement on any Documents defined such as Original Promissory Note, Allonge, Mortgage and/or Deed of Trust, as required within the Terms and Covenants section. There must be agreement of the contract for it to be valid.

9.    Original Mortgagor and/or his assigns did notice and serve documents to appropriate parties named; Notice of Right to Cancel, Notice of Removal of Trustee, Notice of Rescission of Power of Attorney, Notice of Rescission as under TILA, and did convey property to another entity, after discovering and correcting the Fraud on such named documents, naming a new and substituted trustee to such. Appropriate parties choose to ignore these notices and continue trespass upon Mortgagor's and the Family Trust's rights.

10.    If the Company held a sale of the Property, the agent had no authorization from the beneficiary or was not actually the beneficiary. Since the Company has admitted to having no creditor standing in regards to the Property and since the Family Trust has

granted no authorization for a sale, any agent would have had to be acting in fraud. Therefore, the Company, would have unlawfully transferred the Property after a sale. The Company would have falsely submitted that the Property had been paid for as required by the County in "cash or certified funds". The Trust believes that this behavior is nothing more than "Theft of Securities", showing securities being sold for profit by an alleged trustee and the Company. These foreclosure and sale entities, if they could ever be accurately identified, could be charged for theft of securities.

11.     Company has granted a specific power-of-attorney for the acquisition, procurement and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles, and interests in or pertaining to any and all collateral associated with or secured by the above-referenced alleged Mortgage Loan to the TRUSTEE.

12.     Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment on any and all property, fixtures, accounts, and public hazard bonds by the Claimant against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the hindering, impeding, obstruction and/or delaying of the TRUSTEE's rights, titles and interests in any and all collateral in association with or the security for the above-referenced Property

13.     Company has consented with the filing of encumbrances, including but not limited to liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts, and public hazard bonds by the Claimant(s) against the Company up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the semblance of harassment, coercion, defrauding, and/or defamation of the Claimant(s) and/or any negative reporting to any and all credit agencies, and/or the Claimant's collateral. The bonds of CEOs, CFOs, and attorneys who facilitate the Company's dishonor may now be attached to settle the Claimant's claim.

14.     Claimant is entitled to performance and stipulated damages agreed to by Company's failure to respond or rebut or prove claims on both the Affidavit and POC. As per the Company's agreement to pay damages amounting to the Invoiced Amount total listed in the True Bill accounting of the dishonored POC in the following amounts, as the terms and conditions did clearly manifest, this document is a demand for payment of the agreed damages.

15.     Company has consented to the Claimant's or his assign's assumption of the full and exclusive power of attorney for all matters concerning the Mortgage, Trust Deed, Note and Property. Company has consented to the Claimant's or his assign's assumption of the exclusive trustee position for the Trust Deed with full rights over liens, writs of possession, writs of execution, and writs of attachment, on any and all property, fixtures, accounts concerning the Deed of Trust, Note or the Property.

16.    The Company agrees that because the Mortgage and/or the Trust Deed should have had payments by the tenant (Mortgagor) credited to the Principle (also, the Mortgagor), and because this fact was hidden from the Mortgagor, the Mortgage and/or the Trust Deed is void ab initio, void for fraud. Therefor the Mortgage and or Deed of Trust has been revoked and made a nullity.

## CONCLUSION IN FACT

17.    Based on the Findings of Fact contained in points 1 through 16, the Company has been found to have committed acts of Racketeering, which is organized conspiracy to commit the crimes of extortion or coercion, or attempts to commit extortion or coercion. From the standpoint of extortion, it is the obtaining of money or property from another, with his consent, induced by the wrongful use of force, fear, misdirection and/or lack of disclosure. The fear which constitutes the legally necessary element in extortion is induced by oral or written threats (law suits) to do an unlawful injury to the property of the threaten person by means Unlawful lawsuits, Securities Fraud and Rico Violations.

18.    Based on the Findings of Fact contained in points 1 through 16, the Company has brought unlawful court action(s), and/or non-judicial foreclosure and/or caused filings with the county recorder that break the chain of title and make false claims of ownership, without a real party of interest.

19.    Based on the Findings of Fact contained in points 1 through 16, the Company has accumulated a debt owed to the Family Trust, as evidenced by the attached invoice.

---

NOTICE AND ORDER ON THE FOLLOWING PAGE

**NOTICE AND ORDER**

NOTICE AND ORDER I.    Based on the Findings of Fact and Conclusions stated herein, the Company, and/or others of fictitious names, whether doing business under your own names, or any other names or fictitious names, ARE HEREBY ORDERED to immediately CEASE AND DESIST from all actions regarding Company defined herein, with regards to the Property

NOTICE AND ORDER II.    You are further, immediately ORDERED to produce, fully signed contracts, agreements, Deeds of Trust, notes, receipt of payments from Trustee's Deed Upon Sale, deposits made from such transaction, authority to cause suit with real party of interest, including realtors involved, fully completed attorney questionnaire, and proof of the Company as being creditor regarding the Property, within 5 days of receiving this Notice and Order.

NOTICE AND ORDER III. Members of the Company have been sent a demand for payment of this claim of $36.788 Billion Dollars. (Thirty Six Billion Seven Hundred Eighty Eight Million Dollars) Your Failure to respond within the time limit made this a self executing confession of judgment. You received notification and Full Disclosure which made this a legally binding contract. Payment is past due and penalties and interest are accruing daily, as you were notified by the counterclaim.

NOTICE OF FINAL DETERMINATION AND JUDGEMENT NIHIL DECIT
THIS IS THE FINAL NOTIFICATION AND JUDGMENT NO OTHER NOTIFICATIONS WILL BE SENT TO YOU. COLLECTION OF THIS LAWFUL CLAIM, AGAINST YOUR BONDS, INSURANCE POLICIES, 801-K, CAFRA FUNDS, PROPERTIES, OR ANY OTHER SOURCE OF REVENUE TO CURE YOUR DISHONOR IN THE PUBLIC WILL BEGIN IMMEDIATELY IF THIS CLAIM IS NOT PAID IN FULL.

The TRUSTEE for the Family Trust has tried from the beginning to settle all claims against the Property honorably, no matter how false those claims may have been. The invoice herein attached is the Company's own creation, created by its silence, acceptance and dishonor.

This is a TRUE BILL within the Admiralty.

All Rights Reserved                    Date: June 21, 2010


                    Nancy Valentine, Authorized Representative
                    ENVISION TRUST SERVICES

Mailed to the following Libellees:

PNC BANK, N. A.
LOCKBOX NO 771223, 1223 SOLUTIONS CTR          7010 0780 0000 9938 9500
CHICAGO, IL  60677-1002

HAWLEY TROXELL ENNIS & HAWLEY LLP
P.O. BOX 1617                                  7010 0780 0000 9938 9517
BOISE, ID 83701-1617

Richard J. Johnson, CFO PNC FIN. SER.
1 PNC Plaza, 249 5th Ave.                      7010 0780 0000 9938 9524
Pittsburgh, PA 15222-2707

**151 FAMILY TRUST**
*ENVISION TRUST SERVICES, Trustee*
c/o 258 A ST STE 1; BOX 134
ASHLAND, OREGON 97520

**COMMERCIAL INVOICE**
Date: May 28, 2010
Invoice No. EN-13-151-02-101

| TO: | RE: |
|---|---|
| **HAWLEY TROXELL ENNIS & HAWLEY LLP**<br>P.O. BOX 1617<br>BOISE, ID 83701-1617 | **Your Acceptance of the Terms & Conditions of Contract and Default**<br>151 SOUTH 1ST STREET EAST<br>REXBURG, ID 83440<br>PIN 82-0525190<br>Agreement #940953361 |

### POINTS OF BILLING AS PER YOUR AGREEMENT

| | | BILLING DATE | 5/27/10 | | |
|---|---|---|---|---|---|
| | | DEFAULT DATE | 2/22/10 | | |
| | | DAYS IN DEFAULT | 94 | **POINTS OF FAILURE** | **TOTALS** |
| **FAILURE TO PROVE CLAIMS** | BILLING RATE A | $250/DAY/POINT | | 28 | $658,000 |
| **NEGATIVE REPORTS TO CRAs** | BILLING RATE A | $250/DAY/POINT | | 28 | $658,000 |
| **STARTING OR CONTINUING FORECLOSURE ACTIVITIES** | BILLING RATE B | $500,000 each | | 1 | $500,000 |
| | | | **BALANCE DUE AND PAYABLE** | | **$1,816,000** |

### THIS INVOICE IS DUE UPON RECEIPT

**Make all checks payable to: ENVISION TRUST SERVICES, Trustee**
c/o 258 A ST., SUITE 1; BOX 134
ASHLAND, OREGON 97520

To Be Paid Within 30 Days of Invoice. 2% Net 10
Overdue accounts subject to late fees and a service charge of 1.5% per month.

**FAILURE TO PAY THIS INVOICE MAY RESULT IN COLLECTION ACTIONS, INCLUDING BUT NOT LIMITED TO, FILING WITH THE COUNTY RECORDER A NOTICE OF LIEN**

*Thank you for your business!*

# EXHIBIT 6

PROPERTY:
151 SOUTH 1ST STREET EAST,
REXBURG, ID 83440
PID 82-0525190
MADISON COUNTY, ID

**Return to:**
Greg Morrow
Authorized Agent for: Envision Trust Services,
Trustee of 151 Family Trust
258 A St., Suite 1-134
Ashland, Oregon 97520

**Sent to:**

Hawley Troxell Ennis & Hawley LLP,
877 Main St, Suite 1000
PO Box 1617
Boise, Idaho 83701-1617

PNC Bank, National Association
Chris Wittkopf
Real Estate Finance Originator
10851 Mastin
Overland Park, Kansas 66210

Onsite Manager
American Manor Apartments
151 South 1st East, Apt F4
Rexburg, ID 83440

Jon Phister, Owner Relations Mgr at
BYU-Idaho Housing and
Student Living Office
196 Kimball Building
Rexburg, ID 83460

---

# CONDITIONAL ACCEPTANCE OF OFFER, NOTICE & ORDER

Hawley and company, attorneys for PNC Bank and Chris Wittkopf of PNC Bank
(hereinafter "Claimants" or "Company") caused to be sent on May 24, 2010, a
threatening letter for attachment of rents upon the herein referenced Property.

## CONDITIONAL ACCEPTANCE

The Trustee for the 151 Family Trust, on behalf of the beneficiary, Tamla Rencher/
American Manor LLC (hereinafter "Mortgagor"), accepts your offer to attach the rents
upon your proof of the following claims:

1.     **Proof of claim** that all Claimants to all mortgages secured by the Property have
not failed, and are not now **in default,** having exhausted their administrative remedy, on
proving that they, individually or severally, are the creditor, and

2.     **Proof of claim** that, if you claim that any of the Claimants are the creditor with

respect the purported mortgage and Property, you can provide:

a.    the ORIGINAL WET INK SIGNATURE PROMISSORY NOTE for Trustee's immediate inspection, and

b.    certified copy of the "lending" institution's transfer log on the day that Claimant claims that a loan was made, showing that the note was not actually deposited as an asset and therefore creating a self-funding situation, and

3.    **Proof of claim** that the 151 Family Trust, and the Mortgagor as beneficiary is not created as an **Express Trust, with the understanding that unlawful purpose, surety of the parties, beneficial interest, color of title and trusteeship, not to be imputed unless expressly defined in the family trust document.**

## NOTICE

Further, be it known that the following have been established in respect to the Property The default of PNC Bank included, in part, the following points:

A.    The power of attorney needed by the Claimants for any actions concerning the Deed of Trust recorded on the Property has been revoked, and

B.    Any sale "conducted in compliance with the Deed of Trust" must be fraudulent in the absence of any creditor, and

C.    No loan has been made by the Company on the subject Property.

D.    What was called a "Note" was "Satisfied" at its inception.

E.    No proper contract was signed by the Claimants and the Mortgagor, and

F.    No holder in due course has been identified, and

G.    Because of the Company's default on the Trustee's demands, the balance due on the above-referenced alleged Mortgage Loan is zero and 00/100 dollars ($0.00), and

H.    The Claimants have irrevocably conveyed any and all rights, titles and interests in and on any and all collateral in association with, or the security for, the above-referenced alleged Mortgage Loan to the Mortgagor, and

I.    The Claimants have irrevocably conveyed the authority for the acquisition, procurement, and/or production of any and all records, documents, and/or communications necessary for the securing of any and all rights, titles and interests in and on any and all collateral in association with, or the security for, the above-referenced alleged Mortgage Loan to the Mortgagor, and

J.    Because of the Claimant's default on the Trustee's demands, the Claimants have waived of any and all claims, rights, immunities and defenses, and

K.    Because of the Claimant's default on the Trustee's demands, the Claimants have consented with the filing of any encumbrances against the Claimants up to the amount of ten million and 00/100 dollars ($10,000,000.00) for any and all actions taken by the Company with the hindering, impeding, obstruction and/or delaying of the Mortgagor's rights, titles and interests in any and all collateral in association with or the security for the above-referenced alleged PNC Bank, and

L.    Because of the Claimant's default on the Trustee's demands, the Claimants have agreed that the bonds of CEOs, CFOs, and attorneys who facilitate the Company's dishonor may now be attached to settle the Mortgagor's claim, and

M    Because of the Claimant's default on the Trustee's demands, the Claimants have

agreed that because the Mortgage and/or the Trust Deed should have had payments by the tenant (Mortgagor) credited to the Principal (also, the Mortgagor), and that because this fact was hidden from the Mortgagor, the Mortgage and/or the Trust Deed is void ab initio, void for fraud, and

N.      The Claimants have refused the offer of full settlement of this debt and agree that under UCC 3-603 the debt is paid in full.

As further commentary on point "N" above, when payment has been rendered, under "Extortionate Credit Transactions" of 18 USC 891-894, by demanding further payments on this purported debt, even though paid in full, or by foreclosing, the Company is committing violations of Federal law. This documentation is being retained as criminal evidence of creating a "Fictitious Obligation" 18 USC 514. It is clearly "Fraud" under 18 USC 1001, by claiming the authority to refuse the payment. Refusal also clearly violates HJR 192 and 31 USC 5118 by refusing a "Commercial Instrument" for the payment of debt. The Company has agreed that it has engaged in the criminal conduct of "Interference with commerce" 18 USC 1951. This can only be "Conspiracy against rights" 18 USC 241 specifically Mortgagor's or his Trustee's right to contract under 42 USC 1981 to pay debt.

## NOTICE

**The 151 Family Trust was created as an Express Trust, with the understanding that unlawful purpose, surety of the parties, beneficial interest, color of title and trusteeship, should not be imputed unless expressly defined in the trust document.** The Trustee believes that the Claimants and the Claimant's attorneys, conducted, or participated directly or indirectly in the conduct of, the affairs through a "pattern of racketeering" an activity within the meaning of RICO, 18 U.S.C. Section 1961(5), in violation of RICO, Section 1962 (c). Securities Fraud can carry sentences of 10 years per violation. Investigations have begun on the above named entities, their attorneys, et al. The acts alleged were related to each other, among other things, by virtue of common participants, a common victim The Mortgagor (and other homeowners) have been defrauded by impersonated predatory lenders/institutions and successors and their attorneys including Claimants named (and others yet to be identified) herein and their attorney's, the common result of seeking to deprive Mortgagor of his/her ownership and right to possession of the subject Property.

Attachment of rents will be considered a commercially damaging fraud, the fallout affecting **all** parties involved.

NO TRESPASS will be allowed by the Claimants or their agents until each of the herein contained proofs of claim are proven, with wet-ink original documents showing that any creditor-debtor relationship exists. Trespass without these proofs shall be with the acceptance of $100,000.00 charge, both personally and corporately for each instance and each party performing the act of trespass upon the Property.

None of the responses contained herein is meant to invalidate the Claimant's state of default previous agreements with the Claimants. That condition of default and the Terms and Conditions of its contract remain in full force and effect. All liabilities to the Company enumerated in that contract remain in place. This document represents a separate and parallel response to the Company's offer to contract.

## ORDER

REMEDY in this matter may be sought by returning clean, clear title to the Mortgagor and immediately to CEASE AND DESIST in any further attempts to dis-posses the Mortgagor of the Property or to attach rents.

The Mortgagor, his Trustee Services and any agent thereof, are the only authorized entities allowed on said Property until full investigations are complete and the title has been returned to the Mortgagor.

The Company has three days to respond, the same three days the Company has allotted the Mortgagor. Failure to respond, point by point with proof admissible under the Federal Rules of Evidence shall be deemed as acceptance. Response shall be made to the Mortgagor's Trustee at the address above in Ashland, Oregon.

This is a TRUE BILL within the Admiralty.

All Rights Reserved                    Date: 1 June 2010


Greg Morrow, Authorized Representative
Envision Trust Services

# EXHIBIT 7

April 7, 2009


Ms. Carol Hutchinson, Valuation Coordinator
PNC Bank
249 Fifth Avenue, 19th Floor, Suite 3401
Pittsburgh, PA 15222

SUBJECT:     Market Value Appraisal
             American Manor Apartments
             151 S. 1st East
             Rexburg, Madison County, Idaho 83440
             Client Reference Number: 507451
             Integra Boise File No.  163-2009-0067

Dear Ms. Hutchinson:

Integra Realty Resources—Boise is pleased to submit the accompanying appraisal of the above referenced property. The purpose of the appraisal is to develop an opinion of the as is market value as is of the fee simple interest in the property. As requested, we also estimate the "Disposition Value", with a 90-day marketing period. The client for the assignment is PNC Bank, and the intended use is for loan underwriting purposes.

BRIEF STATEMENT OF SCOPE
The appraisal is intended to conform with the Uniform Standards of Professional Appraisal Practice (USPAP), the Code of Professional Ethics and Standards of Professional Appraisal Practice of the Appraisal Institute, the Code and Standards of the American Society of Farm Managers & Rural Appraisers, and the appraisal guidelines of PNC Bank. The appraisal is also prepared in accordance with the appraisal regulations issued in connection with the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA).

To report the results of our findings, we use the Self-Contained report option of Standards Rule 2-2 of USPAP. Accordingly, this report contains detailed discussions of the data, reasoning, and analyses that are used in the appraisal process. The depth of discussion contained in this report is specific to the needs of the client and the intended use of the appraisal.

The subject is an existing student-oriented, multi-family apartment property containing 40 dwelling units and 229 beds (including the office and manager's unit). The improvements consist of 3 individual apartment buildings constructed in 1986 and a single-family residence converted to 3 apartment units, constructed in the 1920s, all remodeled in 2005. The units are 19.6% vacant as of the effective appraisal date. The site area is 2.30 acres, or 100,344 square feet.

MS. CAROL HUTCHINSON
PNC BANK
APRIL 7, 2009
PAGE 2

### LAND AREA ASSUMPTIONS

The subject's land area is obtained from Madison County Assessor's records at 2.30± AC.

### BUILDING AREA ASSUMPTIONS

The subject's building area is derived from the our field measurements and confirmed by plans as 42,664± SF GBA and 41,743±SF GLA.

### BUILDING AGE ASSUMPTIONS

The age of the improvements and remodel date as reported by the county assessor's office is assumed accurate and relied on in this report.

### BUILDING AREA STANDARD

#### Multi-Family Apartments

The building standard for this property classification is Gross Living Area (GLA) which is typically calculated as the Gross Building Area (GBA) less any space not used for occupancy (i.e. outside storage).

Ms. Carol Hutchinson
PNC Bank
April 7, 2009
Page 3

### VALUE CONCLUSIONS

Based on the valuation analysis in the accompanying report, and subject to the definitions, assumptions, and limiting conditions expressed in the report, our opinion of value is as follows:

### EXTRAORDINARY ASSUMPTIONS & HYPOTHETICAL CONDITIONS

The value conclusions are subject to the following extraordinary assumptions and hypothetical conditions that may affect the assignment results.

1. For purposes of the as is valuation, :
   a. No extraordinary assumptions were necessitated.
   b. No hypothetical conditions were necessitated.

### VALUE CONCLUSION

| Appraisal Premise | Interest Appraised | Date of Value | Value Conclusion |
|---|---|---|---|
| Market Value As Is | Fee Simple | March 18, 2009 | $4,350,000 |
| Disposition Value | Fee Simple | March 18, 2009 | $3,480,000 |

If you have any questions or comments, please contact the undersigned. Thank you for the opportunity to be of service.

Respectfully submitted,

INTEGRA REALTY RESOURCES—BOISE

Cindy L. Rastutis
Certified General Real Estate Appraiser
Idaho Certificate CGA-878

Bradford Knipe, MAI, ARA, CRE, CCIM, FRICS
Certified General Real Estate Appraiser
Idaho Certificate CGA-117

1. the relationship, knowledge, and motivation of the parties (i.e., seller and buyer);
2. the terms of sale (e.g., cash, cash equivalent, or other terms); and
3. the conditions of sale (e.g., exposure in a competitive market for a reasonable time prior to sale).

Appraisers are cautioned to identify the exact definition of market value, and its authority, applicable in each appraisal completed for the purpose of market value. (USPAP 2008-2009: Definitions, p. 4)

The most typically-employed definition of market value, is that set forth under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). It is this definition upon which our appraisal is premised:

Market Value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title form seller to buyer under conditions whereby:

1. buyer and seller are typically motivated;
2. both parties are well informed or well advised, and acting in what they consider their own best interests;
3. a reasonable time is allowed for exposure in the open market;
4. payment is made in terms of cash in United States dollars or in terms of financial arrangements comparable thereto; and
5. the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

The preceding definition is the definition upon which our appraisal is premised. This definition is cited and referred in USPAP AO-22, and in 12CFR564.2(g), 12CFR34.42(g) and 55FR34696, and in The Appraisal of Real Estate, 12th Edition.

## DEFINITION OF PROPERTY RIGHTS APPRAISED

Fee simple estate is defined as an: "Absolute ownership interest unencumbered by any other interest or estate, subject only to the limitations imposed by the governmental powers of taxation, eminent domain, police power, and escheat." *(Source: The Dictionary of Real Estate Appraisal, Fourth Edition, 2002.)*

## ADDITIONAL DEFINITIONS

Disposition Value shall be defined as: "The most probable price which a specified interest in real property is likely to bring under all of the following conditions:

1. Consummation of a sale will occur within a limited future marketing period specified by the client.
2. Actual market conditions are those currently obtaining for the property interest appraised.
3. The buyer and seller is each acting prudently and knowledgeably.

