UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PNC BANK, National Association,<br><br>    Plaintiff,<br><br>  v.<br><br>RENCHER / AMERICAN MANOR, LLC, an Idaho limited liability company; 151 FAMILY TRUST; PACIFIC COAST INVESTMENT COMPANY; INTERNAL REVENUE SERVICE; CITY OF REXBURG; and MADISON COUNTY TREASURER,<br><br>    Defendants. | Case No. 4:10-cv-00421-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff PNC Bank's Motion to Remand (Docket No. 3), and Defendant Rencher / American Manor's Motion for Temporary Restraining Order (Docket No. 9). The Court has determined that oral argument would not significantly assist the decisional process. Therefore, the Court will address the motion without a hearing.

## BACKGROUND

Defendant Rencher / American Manor entered into a loan agreement and borrowed money from Plaintiff PNC Bank. The loan agreement encumbers real property in

**MEMORANDUM DECISION AND ORDER - 1**

Rexburg, Madison County, Idaho. On or around March 5, 2010, PNC sent a letter to Rencher declaring Rencher in default under the loan agreement. PNC also initiated a non-judicial foreclosure action against Rencher, with a trustee sale scheduled for October 5, 2010. On July 27, 2010, PNC filed a petition for appointment of a receiver in Madison County district court, in an effort to collect on amounts owed by Rencher. In that petition, PNC named Defendants Rencher / American Manor, 151 Family Trust, Pacific Coast Investment Company, the Internal Revenue Service, the City of Rexburg, and the Madison County Treasurer. On August 20, 2010, Defendant Rencher removed the matter to this Court, citing federal question jurisdiction.

On August 26, 2010, PNC filed a Motion to Remand or for Appointment of Receiver and Motion for Expedited Consideration. (Docket No. 3). Although Tamla Rencher has indicated she was unaware that the Motion to Remand (Docket No. 3) was filed in this matter, the docket reflects that PNC did properly file and serve the Motion on all parties. (Docket No. 3-1 at 11.) Defendant Rencher's response to PNC's motion to remand was due September 20, 2010. No such response has been filed.

## ANALYSIS

1. **Rencher / American Manor Is Not Properly Represented.**

As an initial matter, the Court notes that Defendant Rencher is not properly represented in this matter. Pursuant to Local Rule 83.4, "[w]henever an entity other than an individual desires or is required to make an appearance in this Court,

the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules." Rencher, the sole defendant named in the removal to this Court, is a limited liability company. Tamla Rencher participated in a telephone conference with the Court's staff, on behalf of Defendant; PNC was represented by counsel. At the conference, conducted September 21, 2010, Ms. Rencher indicated that she was unaware of the requirement that an entity be represented by counsel, but that she had spoken with an attorney who would file a notice of appearance shortly. Ms. Rencher also indicated she had not received PNC's motion to remand the matter. Counsel for PNC indicated that a copy had been sent to Rencher, but another courtesy copy would be provided.

**2.     The Action Was Improperly Removed Because No Federal Question is Presented.**

"Removal jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. Of New York*, 790 F.2d 769, 773 (9th Cir. 1986). An action filed in state court may be removed where the district court could have exercised jurisdiction over the action if originally filed there. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); 28 U.S.C. § 1441. Federal district courts have original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In completing the cover sheet for its Notice of Removal, Rencher indicated that the basis for jurisdiction

is federal question, and cited 12 U.S.C. § 2605(e) and (f).

The federal statute cited by Rencher in support of removal addresses the servicing of federally related mortgage loans. *See* 12 U.S.C. § 2605. A "federally related mortgage loan" is defined by the statute as a loan secured by a lien on residential real property designed for the occupancy of one to four families, made by a lender whose deposits or accounts are insured by, or who is regulated by, any agency of the Federal Government. 12 U.S.C. § 2602(1). The underlying petition in this matter is a request for appointment of a receivership to facilitate management of the property encumbered by the loan to which PNC and Rencher are parties. The records before this Court demonstrate that the statute cited by Rencher is not at issue here[1]; rather, the applicable statutes are state laws over which this court lacks federal question jurisdiction. The Court thus finds that removal was improper.

## 3. The Action Was Improperly Removed Because less than All Defendants Joined in the Notice of Removal.

A "rule of unanimity" is imposed in cases removed to federal court such that all named and served defendants must join in the notice of removal unless such defendants are nominal, unknown, or fraudulently joined. *See Mitchell v. Paws Up Ranch, LLC*, 597 F.Supp.2d 1132, 1135 (D. Mont. 2009), *citing Hewitt v. City of Stanton*, 798 F.2d 1230,

---

[1] PNC's brief indicates that the loan at issue here was a commercial loan secured by multiple-unit student housing apartment complex and, thus, does not fall within federal statutory protections afforded to loans secured by residential real property designed for the occupancy of one to four families. Rencher has not filed a memorandum disputing this assertion.

**MEMORANDUM DECISION AND ORDER - 4**

1233 (9th Cir. 1986); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). It does not appear, from Rencher's notice (Docket No. 1), that Defendants who were served in PNC's state court proceedings have joined in the removal to this Court.

4.      **Attorney Fees**

PNC seeks attorney fees on grounds that Rencher improperly removed the case to federal court. An order of remand may require the defendant to pay the plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Thus, although district courts retain discretion to determine whether such unusual circumstances exist as to depart from the rule, the reasons for departing from this general rule "should be faithful to the purposes of awarding fees under § 1447." *Id*. (internal quotation and citation omitted).

In this case, PNC has established it is entitled to an award of attorney fees and costs incurred in seeking remand. The United States Supreme Court has recognized the cost to parties and the court due to improper removals, noting, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and

imposing costs on the plaintiff." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The *Martin* Court added "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* The Court finds no objectively reasonable basis for federal question jurisdiction, and thus no justification for removal.

Counsel for PNC shall file an affidavit within fourteen (14) days setting forth the fees and costs which it has incurred in obtaining a remand to state court, and shall include the following: (1) the services rendered, (2) the dates those services were rendered, (3) the hourly rate charged, (4) hours expended, (5) a description of the attorney fee contract with the client, and (6) any information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed. Rencher shall within fourteen (14) days thereafter file its objections, if any, to the amounts claimed.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff PNC's Motion to Remand (Docket No. 3) is GRANTED. This case shall be REMANDED to state court.

2. The Court will retain jurisdiction in this matter for the sole purpose of determining the amount of fees and costs awarded to Plaintiff.

3. The Motion to Expedite (Docket No. 4) is DEEMED MOOT.

4. The Application for Temporary Restraining Order (Docket No. 9) is

   DEEMED MOOT.



DATED:  **September 23, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge